UNITED STATES of America, Plaintiff,

v.

CERTAIN REAL PROPERTY LOCATED AT 116 GIRARD, ROYAL OAK, OAKLAND COUNTY, MICHIGAN, Together With All of its Fixtures, Improvements and Appurtenances, Defendant.

No. 91–CV–74211–DT.

United States District Court,
E.D. Michigan, S.D.

May 22, 1992.

David J. Portelli, Asst. U.S. Atty., Detroit, Mich., for plaintiff.

Austin A. Howard, Bloomfield Hills, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This is a civil, *in rem*, forfeiture case. In its complaint, the government alleges that the realty at issue was used to facilitate the manufacture and distribution of controlled substances in violation of federal law and is, therefore, subject to civil forfeiture under 21 U.S.C. § 881(a). The claimant, John Medogrol, holds title to the property.

This matter is before the Court on the government's Fed.R.Civ.P. 56(c) motion for summary judgment. The claimant has filed a response brief, to which the government has replied. Pursuant to E.D.Mich.Local R. 7.1(e)(2), the Court orders that the motion be submitted and determined on the briefs. For all of the reasons stated below, the government's motion is granted.

## I. STANDARD OF REVIEW

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Blakeman v. Mead Containers*, 779 F.2d 1146 (6th Cir.1985); Fed.R.Civ.P. 56(c). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S.

317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In applying this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Cook v. Providence Hosp.*, 820 F.2d 176, 179 (6th Cir.1987).

## II. BACKGROUND

On July 29, 1991, a state search warrant issued in the 44th District Court, State of Michigan, for 116 Girard, Royal Oak, Michigan.[1] On the same day, law enforcement officers executed the search warrant and seized approximately 45 marijuana plants, narcotics paraphernalia, a book entitled "How to Grow the Finest Marijuana Indoors," a plastic bag containing marijuana, a plastic bag containing marijuana seeds, and various firearms. The seized materials were taken from the residence—including the basement "grow room," garage, and shed—at 116 Girard. Field and laboratory testing has verified that the seized plants were marijuana. Claimant, John Medogrol, is the record title holder of the property.

On December 20, 1991, the government took the claimant's deposition, during which he made the following admissions: (1) he planted marijuana seeds on his property; he knew the seeds would grow marijuana; he harvested the resulting plants, dried them, and smoked them; (2) he admitted to having and handling "alleged"[2] mar-

---

1. The subject property is more particularly described as

   Lot 177 of Bassett & Smith's North Main Subdivision, according to the Plat Thereof as recorded in Liber 39 Page 11 of Plats, Oakland County Records.

2. In its response brief, the government states the following:

   It is true that the claimant has referred in large part throughout his deposition to the marijuana plants as "alleged" marijuana. He and his attorney both did so on the stated basis that they had no personal knowledge as to whether the marijuana plants, material and seeds seized from the premises had been test-

ed, and that they thought the plants may have been small plants

   However, as indicated in the Affidavit of Special Agent Pikiell in Exhibit A, the plants, seeds, and leaf material seized from the defendant property did in fact test positive for the presence of marijuana. The attempted ruse of using the qualified word "alleged" marijuana amounts to mere inefficient gamesmanship....

   The Court agrees.

   Furthermore, the claimant's qualified responses do not negate his clear and unequivocal admissions that he grew, possessed, and used marijuana in and around the subject property.

ijuana in and around the subject property. Later, during his deposition, based upon his fifth amendment right against self-incrimination, the claimant refused to answer any further questions regarding his knowledge, possession, or distribution of marijuana.

The State of Michigan charged the claimant with manufacturing with intent to distribute marijuana. The state case is currently pending.

## III. DISCUSSION

■ Under Rule 56, the relevant law defines the material issues of fact. In civil forfeiture case, the government must first establish probable cause to forfeit the defendant property. *United States v. One 1979 Porsche Coupe*, 709 F.2d 1424 (11th Cir.1983). Probable cause means "reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *United States v. 526 Liscum Drive*, 866 F.2d 213, 216 (6th Cir.1988). Upon a satisfactory showing of probable cause, the burden of proof shifts to the claimant to "demonstrate by a preponderance of the evidence that the [property] was not used to facilitate" illegal narcotics activity. *Id.*

### A.

■ The government has satisfied its burden of establishing probable cause. The claimant, himself, in deposition testimony, has admitted to growing and using marijuana on the subject property. He also admitted to having knowledge that marijuana was planted along the side of the subject property, was contained in the garage and shed on the subject property, and was in the house and planted in the basement grow room. These admissions, alone, establish the probable cause element required by *526 Liscum Drive*.

Additional evidence confirms the Court's finding of probable cause, particularly Special Agent Marie Pikiell's[3] affidavit, used to support the government's application for a warrant to seize the subject property. Pikiell's affidavit includes a detailed account of illegal drug activities involving the subject property and the claimant. The affidavit, together with the claimant's admissions, supply much more than probable cause to believe that the subject property and the claimant were involved in illegal drug activities.

### B.

The claimant has failed to rebut the government's showing of probable cause. Aside from his own affidavit, the claimant has not supplied one piece of evidence to defeat the government's showing of probable cause (as noted below, the claimant's affidavit does not create a genuine issue of fact). The Court, therefore, concludes that the claimant has failed to meet his burden of proof.

■ The claimant contends that genuine issues of material fact preclude summary judgment. The claimant has submitted a sparse, one page affidavit contradicting the admissions made throughout his deposition testimony. It is well settled that a party cannot create a genuine issue of material fact by submitting an affidavit containing conclusory allegations that contradict prior admissions, deposition testimony, or otherwise sworn testimony. *Jones v. General Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Reid v. Sears Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir.1986); *Biechele v. Cedar Point, Inc.*, 747 F.2d 209, 215 (6th Cir.1984). Accordingly, the affidavit cannot create a genuine issue of material fact.

The claimant attempts to forestall a decision on the motion for summary judgment by requesting a continuance pursuant to Fed.R.Civ.P. 56(f), which states:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

---

3. Pikiell is a special agent for the Drug Enforcement Administration.

The claimant's Rule 56(f) affidavit states, in a conclusory manner, that "the Claimant did not sell or deal drugs"; that "the subject property was not used to facilitate the violation of 21, U.S.Code, Section 801, et. [sic]"; that "the subject property was not used to facilitate any drug use under the statute, nor to facilitate the possession and distribution of a controlled substance"; and that "the subject property was not a 'tool', nor was it purchased with drug money— the Claimant did not sell or deal drugs"; and that because "he has taken the fifth amendment" in this case, "[i]n accordance with Rule 56(f), he cannot present ... facts essential to justify his opposition to the [government's] Motion for Summary Judgment." The affidavit is signed by the claimant, John Medogrol.

■ Rule 56(f) "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Emmons v. McLaughlin,* 874 F.2d 351, 356 (6th Cir. 1989) (quoting with approval *Willmar Poultry Co. v. Morton–Norwich Products, Inc.,* 520 F.2d 289, 297 (8th Cir.1975)). The party seeking to invoke Rule 56(f) must do so in good faith, must indicate why he cannot respond to the movant's motion, and must demonstrate how postponement of a ruling on the motion will enable him to rebut the movant's showing of the absence of a genuine issue of fact. *Emmons.* In addition, because the period allocated for discovery had expired when the claimant

filed his response brief,[4] the claimant is required to demonstrate good cause to invoke Rule 56(f). *See York v. Tennessee Crushed Stone Ass'n,* 684 F.2d 360, 362 (6th Cir.1982). In this way, the Court can determine whether a genuine issue of material fact is likely to develop with the benefit of additional time. C. Wright, A. Miller, & M.K. Kane, Federal Practice and Procedure, § 2741, p. 552 (West 2d ed. 1983).

■ The claimant has not satisfied his burden under Rule 56(f). Although the claimant has indicated the reason for his inability to produce opposing evidence (i.e, invocation of fifth amendment), the claimant has not even hinted at the way in which any additional time would assist him in rebutting the government's proofs; given the brevity and generality of the affidavit, the Court is of the impression that the claimant, even with an extension of time, would not be able to overcome the damaging effect of his prior admissions. The Court holds that the claimant's failure to substantiate the expected beneficial effect of a continuance or extension and the lack of specificity in the affidavit prove fatal to his Rule 56(f) request.[5]

The claimant's argument that his conduct may not be punishable by more than one year of imprisonment and, therefore, may fall outside the purview of Title 21 lacks merit. Section 881(a)(7) of 21 United States Code authorizes forfeiture of

> [a]ll real property, including any right, title, and interest ... in the whole ... of

---

**4.** The claimant filed his response brief on February 24, 1992. The discovery cut-off date was January 22, 1992, as agreed to by counsel for the government and claimant at a scheduling conference.

**5.** The Court recognizes the potential dilemma faced by a claimant in a civil forfeiture case: remain silent and allow forfeiture or testify against forfeiture and risk making incriminating admissions. However, in this case, the Court believes that the collision of claimant's fifth amendment right against self-incrimination and his burden of proof under the forfeiture laws has not materialized, or if it has materialized, it has been artificially manufactured as an offensive tool against summary judgment.

The Court is not faced here with a factual record devoid of statements by the claimant;

rather, the Court faces a claimant who has already tried, unsuccessfully, to mold the factual record and only after recognizing his failures, now seeks refuge under the fifth amendment. Although he is entitled to assert the privilege in this case, the claimant cannot use it as a sword to frustrate the government's proper and timely motion for summary judgment. Given the claimant's prior admissions, his fifth amendment right demands less accommodation than that of a claimant who has made no statements at all.

Granting a continuance based on the claimant's assertion of his fifth amendment right would be futile and would result only in needless delay. Under these circumstances, the Court believes that the government's interest in forfeiture is paramount.

land ... and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment....

Section 841(a) of Title 21 declares that it is unlawful for a person, knowingly or intentionally,

to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

Section 841(b)(1)(D) of Title 21 prescribes a penalty of not more than 5 years for a violation of § 841(a) involving less than 50 kilograms of marijuana. The claimant's conduct falls squarely under § 841 and is punishable by a term of imprisonment exceeding one year.

The claimant's remaining legal arguments, raised in his response brief, lack merit.

### IV. CONCLUSION

For all of the aforementioned reasons, the Court concludes that no genuine issues of material fact exist and that the government is entitled to judgment as a matter of law. Accordingly, the government's Fed. R.Civ.P. 56(c) motion for summary judgment is hereby GRANTED.

IT IS SO ORDERED.