David **FRANCIS**, et al., Plaintiffs,

v.

**GAYLORD CONTAINER CORPORATION,**
Defendant.

No. C2–90–394.

United States District Court,
S.D. Ohio, E.D.

Oct. 16, 1992.

Charles Jewett Kurtz, III, Porter, Wright, Morris & Arthur, Columbus, OH, for plaintiffs.

Sandra Jo Anderson, Vorys, Sater, Seymour & Pease, Columbus, OH, for defendant.

## MEMORANDUM AND ORDER

BECKWITH, District Judge.

This matter is before the Court for consideration of Defendant's motion for summary judgment on all claims. This matter arises from Defendant's termination of Plaintiff David Francis' employment as manager of Defendant's Baltimore, Ohio box plant. Plaintiffs assert seven causes of action allegedly arising from that termination:

1. Breach of employment contract;

2. Promissory estoppel;

3. Breach of covenant of good faith and fair dealing;

4. National origin discrimination;

5. Intentional infliction of emotional distress;

6. Negligent infliction of emotional distress; and

7. Loss of consortium.

Defendant requests summary judgment on all causes of action pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. The Court will take up each cause of action and the arguments of the parties with respect to that cause and then will apply the summary judgment standard.

### The Summary Judgment Standard

■ Rule 56(c) of the Federal Rules of Civil Procedure provides:

[Summary judgment] ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The purpose of a summary judgment motion is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner,* 570 F.2d 107, 111 (6th Cir.1978).

In 1986, the United States Supreme Court issued three decisions that gave new life to Rule 56 as a mechanism for weeding out certain claims at the summary judgment stage. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202

(1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). These cases brought about a "new era" in summary judgment practice. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir.1989). The three opinions by the Supreme Court reflect a return to the original purpose of the summary judgment motion. *Id.*

■ Accordingly, the summary judgment "standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–8, 106 S.Ct. at 2510 (emphasis in original). Moreover, when a party cannot establish the existence of an element essential to that party's case on which the party will have the burden of proof at trial, the Court must enter summary judgment against that party, pursuant to Rule 56. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. Thus, in order to survive a motion for summary judgment,

> [w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.... In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial.*"

*Matsushita*, 475 U.S. at 586–775, 106 S.Ct. at 1355–1356. (emphasis in the original) (Footnote and citations omitted).

■ Rule 56(e) of the Federal Rules of Civil Procedure provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment if

appropriate, shall be entered against the adverse party.

Accordingly, mere allegations are not sufficient to defeat summary judgment. The Court can now apply this standard to the Defendant's motion for summary judgment.

*The Breach of Employment Contract Claim*

Plaintiff's first cause of action asserts that Defendant has breached his employment contract by terminating his employment other than for cause. The essence of Plaintiff's claim is that, even though he admittedly did not have a written contract with Defendant that provided a specific term of employment, his contract was removed from at-will status by operation of certain oral statements made by Defendant.

■ Under Ohio law, either party in an employment relationship may terminate the relationship without cause in the absence of a contract that specifically provides otherwise. *Henkel v. Education Research Council*, 45 Ohio St.2d 249, 344 N.E.2d 118, Syl. (1976). Where no written contract exists, an employee can only avoid the presumption that the employment relationship is terminable at the will of the employer by producing evidence of some specific promise of continued employment by the employer that rises to the level of a contractual obligation. *Wing v. Anchor Media, Ltd.*, 59 Ohio St.3d 108, 570 N.E.2d 1095, Syl. ¶ 2 (1991); *Helmick v. Cincinnati Word Processing, Inc.*, 45 Ohio St.3d 131, 543 N.E.2d 1212, Syl. ¶ 3 (1989).

■ In his deposition, Plaintiff as much as admitted that Defendant made no specific promises of continued employment. *Francis Depo.*, at 176–179. Apparently, Plaintiff is relying on vague statements made during his recruitment concerning assistance in obtaining a green card for the basis of his breach of contract claim. Obviously, to rely on such statements as promises of either continued employment or of intention to effectuate certain immigration decisions would be unreasonable.

Statements made by Defendant concerning Plaintiff's alien status are not promises of continued employment, nor can they be construed as such. Furthermore, no reasonable

person could believe in good faith that an employer, other than perhaps the federal government, can promise an employee a green card.

The Court finds that, even when the evidence is considered in the light most favorable to Plaintiff, no genuine issue of material fact exists with respect to Plaintiff's breach of contract claim. Plaintiff has not provided any evidence of a contractual provision that would entitle him to consider himself anything other than an employee at-will. Accordingly, Defendant acted within its contractual rights when terminating Plaintiff's employment. The Court need not address the parties' arguments with respect to the parol evidence rule, since the Court finds that none of the oral statements allegedly made by Defendant rises to the level of a promise of continued employment. Defendant's motion for summary judgment on the breach of contract claim will be granted.

### The Promissory Estoppel Claim

■ To establish his promissory estoppel claim, Plaintiff must demonstrate that Defendant made specific promises of continued employment upon which Plaintiff relied to his detriment. *Wing v. Anchor Media, Ltd.,* 59 Ohio St.3d 108, 570 N.E.2d 1095, Syl. ¶ 2 (1991). This Court has previously recognized that a promise of continued employment is not sufficient to give rise to a promissory estoppel claim in the employment context, unless the promise states a specific time duration. *Humphreys v. Bellaire Corp.,* 764 F.Supp. 489, 494 (S.D.Ohio 1991).

. [8] Plaintiff fails to show that he can establish either of two elements of the promissory estoppel cause of action: (1) that Defendant made a specific promise of continued employment and (2) that Plaintiff reasonably relied on that promise. As set forth above, the Court does not find evidence in the record of any specific promise of continued employment upon which Plaintiff could have relied. Furthermore, the Court finds that any reliance that Plaintiff may have placed on statements allegedly made by Defendant concerning Plaintiff's alien status would not satisfy the second element of the promissory estoppel cause of action, which requires *rea-sonable* reliance. *Wing,* 59 Ohio St.3d at 110–111, 570 N.E.2d at 1098–1099; *Geva v. Leo Burnett Co., Inc.,* 931 F.2d 1220, 1223 (7th Cir.1991). Accordingly, the Court finds that summary judgment is appropriate with respect to the promissory estoppel claim.

### The Good Faith and Fair Dealing Claim

■ Plaintiff's third cause of action seeks recovery for Defendant's alleged breach of the implied covenant of good faith and fair dealing. The courts of Ohio and of the Southern District of Ohio have consistently refused to recognize such a cause of action in the employment context under Ohio law. *See, e.g., Phung v. Waste Management, Inc.,* 23 Ohio St.3d 100, 491 N.E.2d 1114 (1986); *Mers v. Dispatch Printing Co.,* 19 Ohio St.3d 100, 483 N.E.2d 150 (1985).

This Court has stated that "[t]he [c]ourts .decline to hold that at-will employment contracts contain such a duty by way of an implied covenant.... Non-at-will employment contracts do not have an implied covenant of good faith and fair dealing which is actionable in contract." *Hawley v. Dresser Industries,* 737 F.Supp. 445, 465–466 (S.D.Ohio 1990). Because no such cause of action exists under Ohio law, the Court will grant summary judgment to Defendant on the claim for breach of the covenant of good faith and fair dealing.

### The National Origin Discrimination Claim

Plaintiff's fourth cause of action alleges that Defendant has engaged in discrimination against Plaintiff based on his national origin. Plaintiff is of British national origin. Plaintiff asserts this cause of action pursuant to Ohio Revised Code ("O.R.C.") § 4112.02. The Court notes that the Ohio Supreme Court has explicitly made cases interpreting Title VII, 42 U.S.C. § 2000, *et seq.,* applicable to the interpretation of O.R.C. chapter 4112. *Plumbers & Steamfitters Joint Apprenticeship Committee v. Ohio Civil Rights Commission,* 66 Ohio St.2d 192, 196, 421 N.E.2d 128 (1981).

■ In order to establish a *prima facie* case of national origin discrimination, a plain-

tiff must establish each of the four following elements:

(1) That the plaintiff is a member of a protected class;

(2) That the plaintiff's employment was terminated;

(3) That the plaintiff was qualified to continue to perform the job; and

(4) That the plaintiff was replaced by someone from outside his or her protected class.

*Ang v. Proctor & Gamble Co.*, 932 F.2d 540, 548 (6th Cir.1991). Defendant argues that no genuine issue of material fact exists with respect to the third or the fourth element set forth above and that, accordingly, Plaintiff cannot establish a *prima facie* case of national origin discrimination.

The Court finds that a genuine issue of material fact may exist as to the third element of the discrimination claim. The record is replete with evidence that Plaintiff's performance was not consistent with Defendant's standards or expectations. By the same token, however, Plaintiff has produced some evidence that tends to suggest that he was, in fact, qualified to continue in his position and that any losses suffered unexpectedly by Defendant were occasioned by factors other than his incompetence.

██ With respect to the fourth element of the discrimination claim, on the other hand, the Court finds no genuine issue of material fact. Shortly after Plaintiff's employment was terminated, Defendant closed the Baltimore box plant, effectively eliminating Plaintiff's position. Defendant did not hire anyone to replace Plaintiff, nor did it promote anyone to fill his position on a permanent basis. Plaintiff cannot, as a matter of law, establish a claim of national origin discrimination, because he was never replaced and the plant where he worked was closed.

██ Plaintiff argues that Defendant should have transferred him to another plant in a position similar to the one he held in Baltimore. Case law establishes that an employer is not required to transfer an employee when his workplace is closed and that an employee cannot base a claim for discrimina-

tion solely upon an employer's failure to offer a transfer. *See, e.g., Earley v. Champion International Corporation,* 907 F.2d 1077, 1083 (11th Cir.1990).

██ Plaintiff also urges the Court to consider Steve White, a plant manager at Defendant's Marion, Ohio plant, as Plaintiff's replacement. At roughly the same time as it closed the Baltimore plant, Defendant purchased the Marion plant. Mr. White was apparently the first manager of the Marion plant under Defendant. Plaintiff argues that the Marion plant took the place of the Baltimore plant in Defendant's operations and that, accordingly, the manager of the Marion plant should be considered his replacement.

Even if the Court were to accept Plaintiff's argument for purposes of establishing the fourth element of the discrimination claim, Plaintiff has failed to produce any evidence that shows that Mr. White was outside Plaintiff's class. The United States Supreme Court has recognized that national origin is synonymous with ancestry. *Espinoza v. Farah Manufacturing Co.,* 414 U.S. 86, 88, 94 S.Ct. 334, 336, 38 L.Ed.2d 287 (1973). *See also, Fortino v. Quasar Co.,* 950 F.2d 389, 392–393 (7th Cir.1991). Plaintiff has not produced any evidence that shows that Mr. White is not of British ancestry, as is Plaintiff. From the evidence in the record, which is the only evidence that the Court may consider in deciding Defendant's motion for summary judgment, it cannot even be established that Mr. White is not of the same citizenship as Plaintiff. Accordingly, considering the evidence in the light most favorable to Plaintiff, the Court finds that no genuine issue of material fact exists as to the fourth element of the discrimination claim.

Plaintiff correctly states that the courts have, in limited circumstances, allowed plaintiffs to assert discrimination claims even when they were unable to establish all four elements of a *prima facie* case. *See, e.g. Kohmescher v. Kroger Co.,* 61 Ohio St.3d 501, 505, 575 N.E.2d 439 (1991); *Cleveland Civil Service Commission v. Ohio Civil Rights Commission,* 57 Ohio St.3d 62, 66–67, 565 N.E.2d 579, 583–584 (1991). To take the case out of the four-element test, Plaintiff

must produce direct evidence of class-based discrimination. The Court simply does not find such evidence in the record.

■ Defendant notes that Plaintiff has attempted to create a factual issue with respect to his discrimination claim by submitting post-deposition affidavits that are in many respects different from the witnesses' deposition testimony. Defendant is correct in its assertion that such evidence is improper and should not be considered by the Court in deciding the summary judgment motion. *See, Gagne v. Northwestern National Insurance Co.,* 881 F.2d 309, 315 (6th Cir.1989), quoting *Reid v. Sears, Roebuck & Co.,* 790 F.2d 453, 460 (6th Cir.1986). *See also, Biechele v. Cedar Point, Inc.,* 747 F.2d 209, 215 (6th Cir.1984). To the extent that the post-deposition affidavits differ from the deposition testimony of the same witnesses, the Court has not considered the affidavits in deciding the instant motion.

For the reasons set forth above, the Court finds that summary judgment on the issue of national origin discrimination is appropriate and will grant summary judgment in favor of Defendant.

### The Intentional Infliction of Emotional Distress Claim

■ Plaintiff's fifth cause of action is intentional infliction of emotional distress. The Ohio Supreme Court has set forth the parameters of such a claim under Ohio law as follows: "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Yeager v. Local Union 20,* 6 Ohio St.3d 369, 374–375, 453 N.E.2d 666, 671–672 (1983). Plaintiff has not argued, and the evidence does not begin to suggest, that Defendant's conduct meets that test.

In addition to showing that Defendant's conduct was "atrocious" and "beyond all bounds of decency", Plaintiff must establish that he suffered serious emotional harm in order to prove a claim of intentional infliction of emotional distress. *Boden v. Anaconda*

*Minerals Co.,* 757 F.Supp. 848, 859 (S.D.Ohio 1990). Plaintiff has produced very little evidence of any emotional harm. He has produced no evidence of harm that a trier of fact could find to be serious. *See, Crawford v. ITT Consumer Financial Group,* 653 F.Supp. 1184, 1192 (S.D.Ohio 1986).

Plaintiff simply cannot establish that a factual issue exists with respect to either the conduct or the harm element of the intentional infliction claim. Accordingly, the Court will grant summary judgment to Defendant on that claim.

### The Negligent Infliction of Emotional Distress Claim

■ To establish a claim for negligent infliction of emotional distress, as Plaintiff has asserted in his sixth cause of action, one must make a threshold showing that he or someone close to him faced physical peril. *See, Copper v. Buckeye Steel Castings,* 67 Ohio St.3d 563, 621 N.E.2d 396 (S.D.Ohio, 1991). If Plaintiff cannot establish physical peril, he cannot state a claim for negligent infliction of emotional distress in the employment context, as a matter of Ohio law. *Hawley v. Dresser Industries, Inc.,* 737 F.Supp. 445, 470–471 (S.D.Ohio 1990). Because Plaintiff has not produced a scintilla of evidence of physical peril, summary judgment on the negligent infliction claim is appropriate and will be granted.

### The Loss of Consortium Claim

■ In order to establish her claim for loss of consortium, Plaintiff Catherine Mary Francis must establish that Defendant committed a legally cognizable tort upon her husband who suffered bodily injury. *Bowen v. Kil–Kare, Inc.,* 63 Ohio St.3d 84, 92, 585 N.E.2d 384 (1992). The record does not establish that Plaintiff David Francis suffered any bodily harm.

Even if a claim for loss of consortium could be founded on other than a physical injury, the plaintiff asserting such a claim would have to establish that she had suffered the loss of her spouse's society, services, sexual relations, or conjugal affection. *Id.,* at 91–92, 585 N.E.2d 384. Plaintiff Catherine Mary Francis has admitted in deposition testimony

that she has suffered no such loss. The Court will not consider post-deposition affidavits from the Plaintiff to the extent that they differ from her deposition testimony. Accordingly, the Court finds that Plaintiff cannot establish a claim for loss of consortium as a matter of law, and the Court will grant Defendant's motion for summary judgment.

### Conclusion

For the reasons set forth above, the Court finds that summary judgment is appropriate and will be awarded an all causes of action. Defendant's motion is hereby **GRANTED.** This case is hereby **DISMISSED** in its entirety.

**IT IS SO ORDERED.**