Trina FLUELLEN, Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE DRUG ENFORCEMENT ADMINISTRATION, et al., Defendants.

No. 92–CV–73013–DT.

United States District Court, E.D. Michigan, S.D.

March 11, 1993.

and obtain a warrant, which can be done under seal.

Ada Montgomery, Oak Park, MI, for plaintiff.

William Woodard, Asst. U.S. Atty., Detroit, MI, for defendant Government.

Laurie M. Sabon, City of Dearborn Legal Dept., Dearborn, MI, for defendant City of Dearborn.

Terry A. Wash, City of Detroit Law Dept., Detroit, MI, for defendant City of Detroit.

## ORDER

HACKETT, District Judge.

Defendants United States Department of Justice Drug Enforcement Administration (DEA), United States Immigration and Naturalization Service (INS), and Michael T. Hawes (collectively Federal defendants) filed a motion pursuant to Fed.R.Civ.P. 12(b) for dismissal of the complaint against them. Separately, defendants City of Dearborn, Dearborn Police Department, and Officer Michael Lorence (collectively Dearborn defendants) filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56(b). Each motion cites several reasons for dismissal or summary judgment. Plaintiff **opposes** both motions.

## I. FACTS

Plaintiff's complaint arises out of events occurring on or about October 8, 1991, in the City of Detroit. On that date, defendants Hawes, Lorence (identified in plaintiff's complaint as "Lawrence"), and two unnamed officers of INS "asserted legal authority over plaintiff, threatened her, and detained her" in a trailer at the City of Detroit auto pound for approximately two hours. Plaintiff asserts that defendants yelled at her, forcefully prevented her from driving away in her car, threatened her until she exited her vehicle, "laid hands" upon her and escorted her to the trailer, and threatened her with incarceration during her two-hour detention despite her continuous protests about the detention and requests for immediate release. After defendant Alfred Brooks was contacted and arrived at the trailer, plaintiff was eventually allowed to leave.

In her complaint plaintiff asserts state law claims of false imprisonment (count I), assault and battery (count II), and intentional infliction of emotional distress (count V). Plaintiff also alleges claims under 42 U.S.C. § 1983 against the police officers for violation of her Constitutional rights under the Fourth Amendment and under the Michigan constitution (count III) and against the DEA, INS, City of Dearborn, Dearborn Police Department, City of Detroit and Detroit Police Department for their policies, practices and failure to properly train, supervise, review and discipline their officers resulting in the actions cited in the complaint which amounted to a violation of plaintiff's Fourth and Fourteenth Amendment rights and of her rights under the Michigan constitution (count IV).

## II. DISCUSSION

### A. Standard of review.

On a motion to dismiss "[t]he issue is not whether a plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). In ruling on a motion to dismiss, "whether on the grounds of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Id. See Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Ang v. Procter & Gamble Co.,* 932 F.2d 540, 544 (6th Cir.1991). "Dismissals of complaints filed under the civil rights statutes are scrutinized with special care." *Mercado v. Kingsley Area Schools,* 727 F.Supp. 335, 338 (W.D.Mich.1989) (citing *Kent v. Johnson,* 821 F.2d 1220, 1223 (6th Cir.1987); *Brooks v. Seiter,* 779 F.2d 1177, 1180 (6th Cir.1985)). The complaint must provide enough information to outline the elements of a claim or to permit inferences that these elements exist. *Id.* Plaintiff must present more than conclusory allegations. *Id.*

### B. Federal defendants' motion to dismiss.

The federal defendants argue that plaintiff's claim against them should be dismissed for lack of jurisdiction or for failure to state a claim because: (1) DEA and INS as agencies of the United States government are not proper parties to the suit; (2) the common law tort claims against defendant Hawes are more properly brought under the Federal Tort Claims Act, 28 U.S.C. § 2679(d)(1), against the United States and should be dismissed for failure to exhaust administrative remedies as required under 28 U.S.C. § 2675. They further contend that plaintiff's § 1983 claims should be dismissed because: (1) defendant Hawes as a federal agent acts under color of federal law not state law as required for a § 1983 claim; (2) the complaint fails to indicate whether Hawes is being sued in his individual or official capacity and thus does not make the requisite showing of jurisdiction; (3) if defendant Hawes is being sued in his official capacity, it is barred by sovereign immunity; and, (4) if defendant Hawes is being sued in his individual capaci-

ty, the complaint fails to make the requisite factual showing to avoid qualified immunity.

### 1. Agencies are not proper parties.

■ The federal defendants first argue that the DEA and INS as agencies of the United States government cannot be sued *eo nominee* unless so authorized under statute or because the agency is an offspring of a suable entity. *See Blackmar v. Guerre,* 342 U.S. 512, 515, 72 S.Ct. 410, 411, 96 L.Ed. 534 (1952). The court agrees with this contention. Rather than the specific agencies in this case, the proper party is the United States. Under Fed.R.Civ.P. 15(a) plaintiff should be granted leave to amend the complaint unless amendment is futile. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In order to determine if amendment would be futile, the court must now address the separate claims against the federal defendants.

### 2. Pendent state-law claims.

■ The federal defendants contend that the pendent state-law claims in counts I, II, and V are tort claims which must be brought against the United States under the Federal Torts Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671–79. They also argue that pursuant to § 2679(d)(1), the United States should be substituted as the only proper defendant on the common-law tort claims. Additionally, since plaintiff has not exhausted the administrative remedies as required by § 2675, they maintain the court lacks subject matter jurisdiction and those claims should be dismissed.

■ The court agrees with these arguments but finds that, under the circumstances of this case, the dismissal of these counts against the federal defendants should be without prejudice. The provisions of the FTCA apply to claims including assault, battery, and false imprisonment arising from acts or omissions of federal investigative or law enforcement officers. 28 U.S.C. § 2680(h). Individual federal officers are immune from suit on common-law torts under the provision in the FTCA which makes suit against the United States the exclusive remedy for such claims.[1] *Rivera v. United States,*

---

1. The exclusivity of the remedy against the Unit-    ed States under the FTCA docs not apply to a

**1210**

928 F.2d 592, 608–09 (2nd Cir.1991). Failure to name the United States as defendant in a FTCA suit results in a lack of subject matter jurisdiction. *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir.1990).

Assuming *arguendo* that suit was brought under the FTCA against the United States, a claim must first be presented to the appropriate federal agency and that claim be finally denied by the agency in writing prior to filing a FTCA claim.[2] 28 U.S.C. § 2675(a). A tort claim against the United States is barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless FTCA action is begun six months after final denial of the claim by the agency. 28 U.S.C. § 2401(b). A claim under the FTCA must be filed within six years of when the action first accrues. 28 U.S.C. § 2401(a).

In the present case, plaintiff's common-law tort claims should be filed against the United States under the FTCA rather than the DEA, INS, or agent Hawes. Leave to amend the complaint would be appropriate but plaintiff has not exhausted her administrative remedies. However, plaintiff is not yet foreclosed from pursuing those remedies. Plaintiff claims her cause of action arises out of events occurring on October 8, 1991. Neither the two-year statute of limitations for filing a claim with the appropriate federal agency nor the six-year statute of limitations for the FTCA have run. Accordingly, plaintiff's common-law tort claims against the federal defendants should be dismissed without prejudice in order to follow the procedures as required under the FTCA.

*3. Section 1983 claims—color of federal law.*

■ Plaintiff alleges violations of 42 U.S.C. § 1983 in count III against agent Hawes and in count IV against the DEA and INS. First, the federal defendants maintain that defendant Hawes is not subject to suit under § 1983 since he acts under color of federal law, not state law as required by

§ 1983. The court agrees with this contention to the extent that the allegations would be against Hawes acting on his own.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....

42 U.S.C. § 1983. Section 1983 provides no remedy for deprivation of rights by federal officials acting under color of federal law. *Daly–Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir.1987). However, "[w]hen a non-state actor (which includes a federal agent) conspires with state officials to deprive an individual of his constitutional rights, an action under section 1983 will lie against the non-state actor." *Smith v. United States*, 723 F.Supp. 1300, 1306 (C.D.Ill.1989) (citations omitted.)

■ Furthermore, federal agents are subject to suit directly, in an individual capacity, for violations of constitutionally protected rights. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). There is no distinction for purposes of **immunity law between suits brought against persons acting** under color of state law under § 1983 and those brought directly under the Constitution against federal officials under *Bivens*. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 n. 30, 102 S.Ct. 2727, 2738 n. 30, 73 L.Ed.2d 396 (1982). "[W]hen Congress amended FTCA in 1974 to create a cause of action against the United States for intentional torts committed by federal law enforcement officers, 28 U.S.C. § 2680(h), the congressional comments accompanying that amendment made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Carl-*

---

civil action brought against a federal employee for a violation of the Constitution in a *Bivens* action. 28 U.S.C. § 2679(b)(2). *United States v. Smith*, 499 U.S. 160, 111 S.Ct. 1180, 1185, 113 L.Ed.2d 134 (1991).

**2.** "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a).

*son v. Green,* 446 U.S. 14, 19–20, 100 S.Ct. 1468, 1472, 64 L.Ed.2d 15 (1980).

As pointed out by plaintiff, federal agents acting in complicity with local officers can be held liable under § 1983. More than mere allegations of such complicity are necessary to avoid dismissal or summary judgment. Since plaintiff could, through amendment of her complaint, conceivably assert a *Bivens* claim rather than a § 1983 claim against agent Hawes, the court should grant leave to amend the complaint to either allege a conspiracy with state actors in a § 1983 claim or a *Bivens* claim.

*4. Individual vs. official capacity suits.*

Since the federal defendants' argument that plaintiff has not adequately indicated whether agent Hawes is being sued in his individual or official capacity is similar to the Dearborn defendants argument, that issue will be discussed below.

**C. Dearborn defendants' motion for summary judgment.**

The Dearborn defendants argue that summary judgment in their favor should be granted and plaintiff's § 1983 claims against them should be dismissed because: (1) the complaint against Officer Lorence fails to indicate whether he is sued in his individual or official capacity and thus fails to make the requisite showing of jurisdiction; (2) the claim against Officer Lorence, if brought against him in an individual capacity, fails to make a factual showing to avoid the defense of qualified immunity; (3) the claim against Officer Lorence, if brought against him in an official capacity, fails to make the requisite showing of policy or custom as a moving force behind the alleged deprivation; and, (4) the complaint against the City of Dearborn and the Dearborn Police Department fails to **make** the requisite showing of policy or custom as a moving force behind the alleged deprivation.

The Dearborn defendants contend that plaintiff's pendent state law claims should be dismissed because: (1) the claim against Officer Lorence fails to show gross negligence in order to avoid qualified immunity under Michigan law; and, (2) the complaint against the City of Dearborn and the Dearborn Po-lice Department fails to **make** the requisite factual showing to avoid governmental immunity under Michigan law.

*1. Standard of review.*

The Dearborn defendants seek summary judgment under Fed.R.Civ.P. 56(b). In support of their motion, they include two pages of plaintiff's answer to interrogatories in which plaintiff reiterates the events of October 8, 1991, which were alleged in her complaint. Since the court has not considered that document in making a determination on their motion, the motion will be reviewed as if it were a motion to dismiss under Rule 12(b)(6). *See United Brotherhood of Carpenters & Joiners, Dresden Local No. 267 v. Ohio Carpenters Health & Welfare Fund,* 926 F.2d 550, 558 (6th Cir.1991).

*2. Section 1983 claims.*

   a. Individual-capacity vs. official-capacity suits.

The distinction between individual or personal-capacity suits and official-capacity suits has been addressed by the United States Supreme Court on numerous occasions. "Personal-capacity suits seek to impose personal liability on a government official for actions taken under color of state law." *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). An official in a personal-capacity action may be able to assert personal immunity defenses such as qualified immunity. *Id.* at 167, 105 S.Ct. at 3105–06.

Official-capacity suits " 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' " *Id.* (quoting *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 (1978)). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* (citing *Brandon v. Holt,* 469 U.S. 464, 471–72, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985)). The real party in interest in an official-capacity suit is the entity, not the named official, and "the entity's 'policy or custom' must have played a

part in the violation of federal law." *Id.*, 473 U.S. at 166, 105 S.Ct. at 3105 (quoting *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037). *See Hafer v. Melo*, —— U.S. ——, 112 S.Ct. 358, 361–62, 116 L.Ed.2d 301 (1991). "The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess...." *Graham*, 473 U.S. at 167, 105 S.Ct. at 3106.

In *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir.1989), the Sixth Circuit adopted a "requirement that § 1983 plaintiffs meet certain pleading standards in order to invoke federal jurisdiction." This requirement "arises from particular requirements of the immunity doctrine." *Id.* "It is not too much to ask that if a person or entity is to be subject to suit, the person or entity should be properly named and clearly notified of the potential for payment of damages individually." *Id.* (citing *Brandon*, 469 U.S. at 474, 105 S.Ct. at 879). Although the issue of the differences between the circuits in the pleading requirements in § 1983 cases was not before the Supreme Court in *Hafer*, the Court in a footnote reiterated the Third Circuit's view that "[i]t is obviously preferable for the plaintiff to be specific in the first instance to avoid ambiguity." *Hafer*, —— U.S. at ——, 112 S.Ct. at 361 (quoting *Melo v. Hafer*, 912 F.2d 628, 636, n. 7 (3rd Cir.1990)).

In the present case, both the Dearborn defendants and the federal defendants contend that plaintiff has not met the requirement of *Wells*. In the caption of the complaint plaintiff indicates that each of the officers is being sued "individually and in their official capacity." Plaintiff also names as defendants the entities for which the officers worked—the agencies, police departments, and cities. The body of the complaint alleges claims against defendant police officers "acting in an official capacity and in the scope of their employment" (Complaint, para. 36) and against the DEA, INS, City of Dearborn, Dearborn Police Department, City of Detroit and Detroit Police Department for the intentional acts of their employees and the customs, policies and practices of these entities (Complaint, para. 40).

The court finds that plaintiff has met the pleading requirements as enunciated in *Wells*. Even though it is no longer necessary to bring an official-capacity action against a local government official since under *Monell* the local government unit can be sued directly, many complaints name the entity as a defendant and the official as a defendant in both an individual and official capacity. *See Graham*, 473 U.S. at 167, n. 14, 105 S.Ct. at 3106, n. 14. Unlike *Wells*, plaintiff in the present case unambiguously captions the complaint against the officers in both capacities, even though the official capacity designation is redundant because plaintiff also names as defendants the government entities. Accordingly, plaintiff's complaint will be viewed as a claim against the officers in both their individual and official capacities.

### b. Personal-capacity claims and qualified immunity.

The United States Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) enunciated the "objective reasonableness" standard to use in determining whether a government official is entitled to qualified immunity. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818, 102 S.Ct. at 2738. In measuring whether a constitutional right is clearly established in a given situation, the Sixth Circuit looks first to the decisions of the Supreme Court, then to decisions of the Sixth Circuit and courts within the circuit, and finally to decisions of other circuits. *Marsh v. Arn*, 937 F.2d 1056, 1069 (6th Cir.1991); *Williams v. Ellington*, 936 F.2d 881, 885 (6th Cir.1991); *Long v. Norris*, 929 F.2d 1111, 1115 (6th Cir.1991).

■ In the present case, plaintiff claims the acts of defendants violated her Fourth and Fourteenth Amendment rights under the United States Constitution and rights under the Michigan constitution. Article 1, § 11 of the Michigan constitution and the Fourth Amendment are treated as affording the same protections. *People v. Collins*, 438 Mich. 8, 475 N.W.2d 684 (1991).

In a claim alleging violation of the Fourth Amendment, "'[s]eizure' alone is not enough

for § 1983 liability; the seizure must be 'unreasonable.'" *Brower v. County of Inyo,* 489 U.S. 593, 599, 109 S.Ct. 1378, 1382, 103 L.Ed.2d 628 (1989). The Supreme Court has long adhered to the view "that a person is 'seized' only when, by means of physical force or a show of authority, his freedom of movement is restrained." *United States v. Mendenhall,* 446 U.S. 544, 553, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980). *See Terry v. Ohio,* 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 1879 n. 16, 20 L.Ed.2d 889 (1968). As well-stated by the Supreme Court:

> a person has been "seized" within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. Examples of circumstances that might indicate a seizure, even when the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled (citations omitted).

*Id.,* 446 U.S. at 554, 100 S.Ct. at 1877. More recently the Court has stated that "*Mendenhall* establishes that the test for existence of a 'show of authority' [seizure] is an objective one: not whether the citizen perceived that he was being ordered to restrict his movement, but whether the officer's words and actions would have conveyed that to a reasonable person." *California v. Hodari D.,* — U.S. —, 111 S.Ct. 1547, 1551, 113 L.Ed.2d 690 (1991).

In the present case, the court finds that plaintiff has sufficiently stated facts in her complaint under the *Mendenhall* test to indicate a "clearly established constitutional right of which a reasonable person should have known" to be free from unreasonable search and seizure under the Fourth Amendment and under the Michigan Constitution. The court must construe the allegations in favor of the pleader. Sufficient factual and non-conclusory allegations have been made against the defendants in their individual capacities to avoid a motion to dismiss. Whether the evidence supports plaintiff's allegations is more properly addressed in a motion for summary judgment. *See In re Jackson Lockdown/MCO Cases,* 568 F.Supp. 869, 889 (E.D.Mich.1983) (citing *Alexander v. Alexander,* 706 F.2d 751 (6th Cir.1983); *Harlow v. Fitzgerald,* 457 U.S. at 817–18, 102 S.Ct. at 2738–39)).

Plaintiff's claims for violation of the Fourteenth Amendment are not clearly stated. It appears that plaintiff is alleging that she was unconstitutionally deprived of her liberty without due process of law. It also appears that the deprivation of liberty is based on her allegations of the defendants' violation of her Fourth Amendment rights.

■ An action under § 1983 is supplemental to a common law action arising out of the same factual circumstances and these actions may be pursued simultaneously. *Braley v. City of Pontiac,* 906 F.2d 220, 223 (6th Cir.1990) (citing *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)). What is involved in this case is an alleged deprivation of plaintiff's liberty interest without due process. This can be analyzed under procedural due process or substantive due process. Violations of substantive due process can be one of two kinds: 1) deprivation of a particular constitutional guarantee, or 2) actions that "shock the conscience." *Id.* at 224–25 (citing *Wilson v. Beebe,* 770 F.2d 578, 585–86 (6th Cir.1985)).

■ A cause of action under § 1983 is not available in a case involving deprivation of property without due process if there exists a state remedy that comports with procedural due process. *Id.* at 225 (citing *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)). The Sixth Circuit in *Wilson* extended the rule in *Parratt* to the deprivation of a liberty interest.

■ A substantive due process claim must be based either upon a violation of an explicit constitutional guarantee, such as a Fourth Amendment violation, or behavior that shocks the conscience. *Id.* The "shock the conscience", test is generally applied to allegations of excessive force or physical brutality and not necessarily for misuse of the power represented by a police badge. *Id.* at 226.

In the present case, plaintiff's procedural due process claims should not be dismissed at this time because any potential remedy available under state law has yet to be determined. Her procedural due process claims are not just based upon her pendent state-law claims but upon her claim for violation of her Fourth Amendment rights. Her substantive due process claims should not be dismissed at this time because she has adequately stated a claim based upon a violation of her Fourth Amendment rights, an explicit constitutional guarantee.

### c. Official-capacity and sovereign immunity—United States.

The federal defendants have not argued that the United States, if substituted for the DEA and INS as a defendant, is not subject to suit under § 1983 because of sovereign immunity. They do make that argument in relation to suit against agent Hawes in his official capacity thus implying that if the United States were substituted as a defendant in place of the DEA and INS in a § 1983 claim, it is entitled to sovereign immunity. The court agrees. The United States is not subject to suit under § 1983 because of sovereign immunity. *See United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *Hall v. United States,* 704 F.2d 246, 251–52 (6th Cir.1983). Thus, a § 1983 claim against the United States is barred.

As stated above, agent Hawes in his personal capacity may be subject to liability under § 1983 if he acted in concert with state officials. However, in an official-capacity suit, he would be entitled to sovereign immunity since the suit is against the entity. Dismissal of the § 1983 claim against agent Hawes acting in an official capacity must be granted because of sovereign immunity.

### d. Official-capacity suits and municipal liability.

Plaintiff's claims against officer Lorence, in his official capacity, and the City of Dearborn and Dearborn Police Department are suits against the municipal entity and are subject to the same analysis. *See Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) (quoting *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 (1978)).

In *Monell, supra* the Supreme Court held that a municipality cannot be held liable under a theory of *respondeat superior* for the actions of an employee. Municipal liability may be imposed when the enforcement of a municipal policy or custom was the moving force behind the violation of federally protected rights. *Monell,* 436 U.S. at 690, 98 S.Ct. at 2035–36; *City of Canton, Ohio v. Harris,* 489 U.S. 378, 385–89, 109 S.Ct. 1197, 1203–06, 103 L.Ed.2d 412 (1989); *Polk County v. Dodson,* 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981). A municipality can be liable under § 1983 for a failure to train its employees "[o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality—a 'policy' as defined by our prior cases...." *City of Canton,* 489 U.S. at 389, 109 S.Ct. at 1205.

In the present case, the court is reviewing plaintiff's complaint under a Fed. R.Civ.P. 12(b)(6) **standard.** In count III of the complaint, the § 1983 claim against the individual police officers, plaintiff alleges that they acted "under color of statutes, ordinances, regulations and/or customs ... of the City of Dearborn...." Complaint, para. 50. In count IV in the complaint, against the various entities, plaintiff alleges that by their own customs, policies and/or practices of systematically failing to properly train, evaluate, supervise, investigate, review and/or discipline its police officers, allowed and/or encouraged ..." the actions and events which resulted in a deprivation of plaintiff's Fourth and Fourteenth Amendment rights. *Id.,* para. 56. These rules and regulations pertaining to detention of persons resulted in Fourth Amendment violations. *Id.,* para. 57. Plaintiff alleges the municipalities acted intentionally, willfully, wantonly, recklessly, with gross negligence and/or negligence in their omissions pursuant to customs, policies and/or practices. *Id.* para. 58.

The Dearborn defendants argue that "boilerplate" allegations are insufficient to state a valid claim against the municipality or

officer Lorence in his official capacity under § 1983. They look primarily to cases in the Seventh Circuit to support their argument. The Seventh Circuit in *Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir.1985), adopted a requirement of a heightened pleading standard for § 1983 claims based on a municipality's policies and customs. The *Strauss* court rejected that mere addition of *Monell* "boilerplate" allegations to a claim in order to proceed to discovery in hopes of turning up evidence to support such claims. *Id.* at 768. This requirement of "evidentiary" pleading has been criticized as creating a "Catch–22" situation. *Ford v. City of Rockford*, 770 F.Supp. 402, 403 (N.D.Ill.1990) (quoting *Payne v. City of LaSalle*, 610 F.Supp. 606, 607–08 (N.D.Ill.1985)).

Federal Rule of Civil Procedure 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The court could find no indication that the Sixth Circuit requires a heightened pleading to avoid *a motion to dismiss under Rule 12(b)(6). See also, Walton v. City of Southfield*, 748 F.Supp. 1214, 1219 (E.D.Mich.1990) (minimal pleading requirement of Fed.R.Civ.P. 8(a) sufficient to establish claim under § 1983). A complete failure to plead a policy or custom would result in dismissal. *See Foster v. Walsh*, 864 F.2d 416, 419 (6th Cir.1988).

In the present case, the court finds that plaintiff has sufficiently alleged a § 1983 claim based upon municipal policy and custom against the Dearborn defendants. Plaintiff has alleged that there is a policy of improper training relating to detention procedures which violated plaintiff's Fourth and Fourteenth Amendment rights and this policy or custom was "intentional" which could infer "deliberate indifference" or a "conscious" choice. Applying the pleading standard of Rule 8(a) and the standards under Rule 12(b)(6), the Dearborn defendants' motion to dismiss this portion of plaintiff's claim should be denied.

e. Pendent state law claims.

**1. City of Dearborn and Dearborn Police Department.**

■ The Dearborn defendants argue that the City of Dearborn and the Dearborn Police Department are not subject to suit regarding plaintiff's pendent state-law claims because of governmental immunity under M.C.L. § 691.1407(1); M.S.A. § 3.996(107)[1] and *Smith v. Dept. of Public Health*, 428 Mich. 540, 611, 410 N.W.2d 749, 780 (1987) in which the Michigan Supreme Court held that "intentional torts are immune [sic] if committed within the scope of a governmental function." The court agrees with defendants' arguments.

A governmental agency which includes municipalities is entitled to immunity from tort liability when it is engaged in the exercise or discharge of a governmental function. M.C.L. § 691.1407(1); M.S.A. § 3.996(107)[1]. "A plaintiff must plead facts in his complaint in avoidance of immunity, indicating that the alleged tort falls outside the protection afforded by sovereign or governmental immunity." *Smith*, 428 Mich. at 591, 410 N.W.2d at 771. This may be done by stating a claim which fits one of the statutory exceptions to governmental immunity[3] or by pleading facts which show that the tort occurred during the exercise or discharge of a non-governmental function. *Id. See Ross v. Consumers Power Co. (On Rehearing)*, 420 Mich. 567, 621, n. 34, 363 N.W.2d 641, 661, n. 34 (1984).

■ Governmental function is defined as an activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law. *Ross*, 420 Mich. at 620, 363 N.W.2d at 661. Michigan courts have held that the operation of a police department is a governmental function. *Isabella County v. Michigan*, 181 Mich.App. 99, 105, 449 N.W.2d 111, 113 (1989) (citation omitted). Additionally, a municipality can be held vicariously liable for acts of its employees if the activity was *not* a governmental function. *Smith*, 428 Mich. at 605, n. 19, 410 N.W.2d at

**3.** These statutory exceptions are: 1) highway repair, M.C.L. § 691.1402; M.S.A. § 3.996(102); 2) negligent operation of a government-owned vehicle, M.C.L. § 691.1405; M.S.A. § 3.996(105); 3) public buildings, M.C.L. § 691.1406; M.S.A. § 3.996(106); and, 4) proprietary function, M.C.L. § 691.1413; M.S.A. § 3.996(113).

778, n. 19. The focus is on the *general activity* not the *specific conduct* involved at the time the tort occurred. *Id.* at 608, 410 N.W.2d at 779.

In the present case, plaintiff's claims against the City of Dearborn and the Dearborn Police Department for false imprisonment (count I), assault and battery (count II), and intentional infliction of emotional distress (count V) cannot state a claim for relief under the standards of *Smith* to avoid dismissal of those counts against these two defendants. Even construing the allegations in favor of the pleader, the court finds that plaintiff could not show any set of facts to support a claim that the police investigative activity was not a governmental function.

**2. Officer Lorence.**

The Dearborn defendants contend that officer Lorence is entitled to governmental immunity because plaintiff's recital of words such as "willful," "wanton," and "gross negligence" are insufficient. Defendants would look to *Jones v. Sherrill,* 827 F.2d 1102 (6th Cir.1987) for a "gross negligence" standard. They urge the court that "the facts alleged in support of the legal conclusion of gross negligence must be sufficient to charge government officials with outrageous or arbitrary use of governmental power." *Id.* at 1106.

The court notes that in *Jones* the Sixth Circuit was looking to the adequacy of pleading gross negligence and outrageous conduct to support a § 1983 claim. *Id.* In the case at bar, this court is looking to the adequacy of pleading pendent state claims not a determination on summary judgment as to the adequacy of proofs of alleged gross negligence. As such, the court will address the adequacy of the pleadings of the claims of false imprisonment, assault and battery, and intentional infliction of emotional distress.

As stated in *Tinkler v. Richter,* 295 Mich. 396, 401, 295 N.W. 201, 203 (1940),

An assault may be defined as any intentional unlawful offer of corporal injury to another by force, or force unlawfully directed toward the person of another, under such circumstances as create a well-founded fear of imminent peril, coupled with the apparent present ability to effectuate the attempt if not prevented. . . .

A battery, or assault and battery, is the wilful touching of the person of another by the aggressor or by some substance put into motion by him; or, as it is sometimes expressed, a battery is the consummation of the assault.

*See Mitchell v. Daly,* 133 Mich.App. 414, 423, 350 N.W.2d 772, 778 (1984). In her complaint plaintiff alleges that defendant Lorence and others yelled at her and came toward her (Complaint, para. 17), threatened her and detained her at the auto pound (*Id.* at para. 14), surrounded her in her vehicle (*Id.* at para. 19), laid hands on her and escorted her into a trailer at the auto pound (*Id.* at para. 23), laid hands on her and took her into the back room of the trailer (*Id.* at para. 24), and that these acts were intentional (*Id.* at para. 43). Plaintiff alleges that the actions violated her Fourth and Fourteenth Amendment rights (See, count III). Under the standards of Rules 8(a) and 12(b)(6), these allegations are sufficient to state a claim against officer Lorence. The adequacy of the proofs is more properly determined on summary judgment.

"False imprisonment is the unlawful restraint of an individual's personal liberty or freedom of locomotion." *Stowers v. Wolodzko,* 386 Mich. 119, 134, 191 N.W.2d 355 (1971). Plaintiff's allegations, as cited above, are sufficient to state a claim of false imprisonment against officer Lorence.

The elements of intentional infliction of emotional distress are: 1) extreme and outrageous conduct, 2) intent and recklessness, 3) causation, and 4) severe emotional distress. *Roberts v. Auto–Owners Insurance Co.,* 422 Mich. 594, 602, 374 N.W.2d 905, 908 (1985). The Michigan Court of Appeals has recognized the independent tort of intentional infliction of emotional distress. *See Cebulski v. City of Belleville,* 156 Mich.App. 190, 197, 401 N.W.2d 616, 618 (1986). The *Roberts* court looked to the Restatement Torts 2d, § 46 for the meaning of the phrases making up the elements of the tort.

Emotional distress passes under various names, such as mental suffering, mental anguish, mental or nervous shock, or the like. It includes all highly unpleasant mental reactions, such as fright, horror,

grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. *It is only where it is extreme that the liability arises .... The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it.*

*Roberts,* 422 Mich. at 608–09, 374 N.W.2d at 911 (quoting Restatement Torts 2d, § 46, comment j. p. 77). "Even though bodily injury need not result, the Restatement commentary suggests that 'more in the way of outrage' may be required where a claim is based on emotional injury alone." *Id.* at 609, 374 N.W.2d at 911 (citation omitted).

 In the present case, the court finds that plaintiff's present allegations of emotional distress do not raise the level of extreme required for liability in order to survive a motion to dismiss. At most the allegations are of unpleasant reactions which are part of emotional distress but not to the level that a reasonable person could be expected to endure. However, plaintiff will be allowed to amend her complaint to allege more facts regarding the alleged emotional distress and defendant will be allowed to renew his motion to dismiss, if necessary, after the amendment.

## III. CONCLUSION

For the reasons stated above, the federal defendants' motion to dismiss under Fed. R.Civ.P. 12(b)(6) hereby is granted in part and denied in part and the Dearborn defendants' motion for summary judgment construed as a motion to dismiss under Fed. R.Civ.P. 12(b)(6) hereby is granted in part and denied in part as follows:

1) **Counts I, II, and V** against the Drug Enforcement Administration, Immigration and Naturalization Service and Agent Hawes only are *dismissed without prejudice* in order for plaintiff to pursue administrative remedies under the FTCA and against the United States as the proper defendant;

2) **Count III** against agent Hawes only, *in his official capacity* and count IV against the DEA and INS (or the United States as the proper defendant replacing the agencies) are *dismissed with prejudice* based on sovereign immunity;

3) **Count III** against agent Hawes only, *in his personal or individual capacity* is *dismissed without prejudice.* Plaintiff has leave to file an amended complaint as set forth below.

4) **Counts I, II, and V** against the City of Dearborn and the Dearborn Police Department are *dismissed with prejudice* on the basis of governmental immunity under Michigan law.

Plaintiff has leave to file an amended complaint as follows:

1) In count III to state more specific facts on an allegation of conspiracy or complicity between agent Hawes and the state actors or to allege a separate *Bivens* claim against agent Hawes in his personal or individual capacity.

2) In count V to allege more facts relating to her claim for intentional infliction of emotional distress.

*Plaintiff has thirty (30) days from the entry of this order* to file an amended complaint. Failure to file an amended complaint within that time frame could result in dismissal of these counts against the specified defendants.

SO ORDERED.