Nicholas John LaBATE, Plaintiff,

v.

Ceolices BUTTS, Timothy Stackpoole, William Hart, the City of Detroit, and Coleman A. Young, Jointly and Severally, Defendants.

Civ. A. No. 86–4773.

United States District Court,
E.D. Michigan, S.D.

Oct. 30, 1987.

Richard R. Nelson, Detroit, Mich., for plaintiff.

Glen R. Ware, Detroit, Mich., for defendants.

## MEMORANDUM OPINION
## AND ORDER

SUHRHEINRICH, District Judge.

This matter is before the Court on defendants' motion for summary judgment. Plaintiff Nicholas J. LaBate has filed a response, and the defendants have submitted a reply. In accordance with Local Rule 17(*l*)(2), the Court shall decide the motion without oral hearing.

This lawsuit arose out of events surrounding the last game of the 1984 World Series in Detroit, Michigan on October 14, 1984. Following the game, the plaintiff joined a group of people who were vandalizing a Detroit police scout car. By his own admission, he kicked the car and spat on it. While plaintiff denies doing anything further to the car, defendant Police Reserve Officer Ceolices Butts contends that plaintiff was inside the car with something burning in his hand. It is alleged that, upon seeing the plaintiff in the car, Butts went over to arrest him. When Butts grabbed plaintiff's shoulder, it is agreed that the plaintiff spun around and punched him in the face. Butts was in

uniform at the time. A struggle between Butts and the plaintiff ensued. On seeing the struggle, Police Reserve Officer Timothy Stackpoole, also a defendant, came to Butts' aid. With Stackpoole's help, the plaintiff was handcuffed.

Following plaintiff's arrest, he was first detained by Tiger Stadium Security and then by the Detroit Police. A search of the plaintiff's person uncovered a Bic lighter. Plaintiff was arraigned on October 16, 1985 on a warrant charging him with the arson of the Detroit Police car and with resisting arrest. Plaintiff did not seek medical care for any injuries suffered due to this incident.

At trial in Detroit Recorder's Court on May 20, 1985, plaintiff was found not guilty of the charges against him. Subsequent to the trial, plaintiff brought a civil action in Wayne County Circuit Court against Officers Butts and Stackpoole, as well as Detroit Police Chief William Hart, the City of Detroit [City], Detroit Mayor Coleman Young, and Arson Investigator William Peck. In his complaint, plaintiff contended that defendants Butts and Stackpoole violated his civil rights by assaulting and battering him during his arrest. It is alleged that these actions violated plaintiff's rights to life, liberty, and the pursuit of happiness. Plaintiff further contended that his arrest was without probable cause.

Additionally, plaintiff alleged a cause of action against Chief Hart and the City in that Hart did not adjourn a promotional examination which was scheduled for October 14, 1984. Plaintiff alleged that these actions resulted in improper manning of the stadium area and also in his being assaulted and battered by the reserve officers. Plaintiff also contended that Mayor Young was or should have been aware of the crowd control problems.

Finally, plaintiff alleged that Arson Investigator Peck did not produce the res gestae witnesses required to be produced by prosecuting authorities. Plaintiff contended the actions of Peck violated duties owed to the plaintiff. Plaintiff sought monetary damages from all defendants.

Defendants removed the lawsuit in a timely fashion to this Court on November 14, 1987. The state claims were remanded by the Court pursuant to an order to show cause dated February 6, 1987. On the motion of defendants City and Peck, the plaintiff's claims against Peck were dismissed by this Court. *LaBate v. Butts*, No. 86–4773 (E.D.Mich. April 13, 1987) (order granting dismissal of defendant Peck). The Court declined to grant the motion of the defendants at that point insofar as it sought dismissal of the City.

In the present motion, defendants Ceolices Butts, Timothy Stackpoole, William Hart, the City, and Coleman Young seek summary judgment against the plaintiff. The standards for summary judgment are well established. Under Fed.R.Civ.P. 56(c), summary judgment shall be granted if the pleadings show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Stephens v. Norfolk and Western Railway Co.*, 792 F.2d 576, 579 (6th Cir.1986); *Atlas Concrete Pipe, Inc. v. Roger J. Au & Sons, Inc.*, 668 F.2d 905, 908 (6th Cir.1982). When determining a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Watkins v. Northwestern Ohio Tractor Pullers Ass'n*, 630 F.2d 1155, 1155 (6th Cir. 1980). Additionally, all reasonable inferences to be drawn from the evidence must be drawn in the nonmoving party's favor. *Adickes v. Kress & Co.*, 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970).

Finally, Fed.R.Civ.P. 56(e) requires a nonmoving party to go beyond the pleadings and to designate specific facts showing that there is a genuine issue for trial under certain circumstances. Those circumstances are when a properly supported motion for summary judgment has been made on an issue and the issue is one on which the nonmoving party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the nonmoving party does not establish the existence of an element essential to that party's case, summary judgment for the moving party must

be entered. Fed.R.Civ.P. 56(c); *Celotex*, 477 U.S. at ——, 106 S.Ct. at 2552–53, 91 L.Ed.2d at 273. These standards shall be utilized in determining defendants' motion for summary judgment.

■ Defendants contend that summary judgment for the City should be granted since municipal liability has not been established in this case. Defendants correctly contend that municipal liability can attach only where a plaintiff pleads and proves that his injury is caused by an unconstitutional action taken pursuant to official municipal policy of some nature. *Pembaur v. Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). It is contended that plaintiff has demonstrated no such policy by the defendants. Accordingly, defendants assert that summary judgment for the City is mandated.

On review of plaintiff's pleadings, it is apparent that summary judgment must be granted for the City. The complaint alleges that the City is liable due to the actions of Chief Hart and Mayor Young. It is alleged that Chief Hart and the City are liable because a promotional exam was scheduled for the date of the final game of the 1984 World Series. Plaintiff contends that this exam resulted in the undermanning of the area around Tiger Stadium, and that such undermanning was a "breach of the duties owed to the people in the vicinity of Tiger Stadium and the plaintiff in particular." Mayor Young is alleged to be liable since he "was aware or should of [sic] been aware of the crowd control problem and dangers therein if the Detroit Tigers won the World Series on October 14, 1984." Defendants do not dispute the underlying facts.

■ As pointed out by the defendants, the allegations by plaintiff do not demonstrate that municipal liability should be incurred. Municipalities cannot be held liable under 42 U.S.C. § 1983 merely on a theory of *respondeat superior*. Rather, the plaintiff must demonstrate that he was injured due to an unconstitutional action taken pursuant to official municipal policy or custom. *Monell v. New York City De-*partment of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

■ Plaintiff's attempts to show that an unconstitutional action was taken pursuant to official municipal policy fail. Plaintiff contends that the "official policy" involved in this case is the City's policy of wrongfully prosecuting him for arson of the police vehicle. In support of his contentions, plaintiff proffers the public statements of Mayor Young. Those statements indicated that the City would prosecute the "white suburbanites" who allegedly caused the tumult following the Tigers' 1984 World Series victory. Plaintiff alleges that these statements established the City's municipal policy.

However, Mayor Young's statements do not indicate that the City had a policy of wrongfully prosecuting plaintiff. Plaintiff presents no evidence showing that such a policy was even suggested by the Mayor's statements. Nor has plaintiff presented any other evidence establishing such a municipal policy existed. Accordingly, the Court finds that plaintiff has not demonstrated that there is a genuine issue of material fact as to the City's liability. Summary judgment shall be granted for the City.

Additionally, summary judgment must be granted for Mayor Young and Chief Hart. The claims presented by plaintiff against Mayor Young and Chief Hart do not demonstrate that plaintiff was deprived of any federal constitutional or statutory right due to their actions. Nor has plaintiff come forward with evidence which shows that there is a genuine issue of fact as to the liability of Mayor Young and Chief Hart. Thus, summary judgment must be granted for these defendants.

■ Plaintiff's cause of action against Mayor Young is based solely on the statements made by Mayor Young. However, it has been established that the statements of a municipal official, even if libelous or slanderous, do not create a cause of action under § 1983. *Taylor v. Nichols*, 409 F.Supp. 927 (D.Kansas 1976), *aff'd*, 558 F.2d 561 (10th Cir.1977). *Cf. Hall v. Flathead County Attorney*, 478 F.Supp. 644

(D.Mont.1979) (no civil rights liability where prosecuting attorney and his deputy allegedly gave inaccurate stories to the press). Thus, plaintiff has no cause of action under § 1983 against Mayor Young for his statements.

■ The plaintiff's claims against Chief Hart are based on the scheduling of a promotional exam for police officers. The exam was scheduled for the day which, in hindsight, proved to be the day of the final game of the 1984 World Series. However, plaintiff does not present a constitutional claim against Chief Hart. There is no indication that Chief Hart authorized or approved unconstitutional conduct toward the plaintiff or any policy or custom which was unconstitutional due to the promotional exam.

Plaintiff apparently asks the Court to infer that, due to the promotional exam, the City was inadequately policed for the final game of the World Series. This inference can only be made if the Court assumes that the Reserve Police were unable to provide proper police protection, if the Court assumes that Chief Hart knew when the final game of the World Series would be, and if the Court assumes that plaintiff's late evening arrest was somehow related to the daytime exam. Plaintiff has made no showing that any of these assumptions have factual support. Instead, he offers unfounded allegations to the Court. Further, plaintiff has offered no indication of how inadequate policing resulted in deprivation of plaintiff's constitutional rights. Rather, plaintiff apparently wishes the Court to infer a deprivation of a constitutional right has occurred. The Court finds these suggested inferences to be lacking any substantive basis.

■ Defendants also claim that plaintiff does not have an actionable claim against Officers Butts and Stackpoole. In support of their claims, defendants contend that plaintiff's procedural due process claim fails on two grounds: (1) because plaintiff has not established the existence of a municipal policy requiring unconstitutional conduct by the defendants; and (2) because plaintiff has not demonstrated that defend-

ants' actions were random and unauthorized conduct. Notably, one of these two alternatives must be shown by plaintiff in order to establish a procedural due process claim. *Taylor v. Watters*, 636 F.Supp. 181 (E.D.Mich.1986). Further, defendants claim that plaintiff has also not established a substantive due process claim against Butts and Stackpoole. Defendants claim that plaintiff has neither alleged that a specific constitutional guarantee was violated, nor that defendants' actions "shock the conscience." Defendants allege that plaintiff has not demonstrated such conduct occurred in this case, and hence seek summary judgment against the plaintiff.

On review of plaintiff's pleadings in this case, it is apparent that summary judgment must be granted for defendants on the procedural due process claim. Plaintiff has supplied the Court with no facts which show that an established municipal policy required Butts and Stackpoole to violate plaintiff's constitutional rights. Thus, plaintiff has not established a violation of procedural due process based on municipal policy.

■ Additionally, plaintiff has not established a procedural due process claim based on "random and unauthorized conduct." In order to establish such a claim, plaintiff must show that his state remedies are inadequate. *Bacon v. Patera*, 772 F.2d 259 (6th Cir.1985). In this case, the state remedies would be tort actions based on false arrest, false imprisonment, and malicious prosecution. These actions were filed in this case as pendent state claims, and have been remanded to state court. As the state remedies appear adequate, plaintiff has not stated a procedural due process claim. *Id.* at 264.

Plaintiff's deprivation of substantive due process allegedly occurred when he was wrongfully arrested without probable cause. Plaintiff claims that the "prosecution" knew or should have known that the charges against him were false.

■ An individual has a constitutional right to be free from unlawful detention and arrest. *Beck v. Ohio*, 379 U.S. 89, 85

S.Ct. 223, 13 L.Ed.2d 142 (1964). When this right is violated, there may be grounds for suit under § 1983. *Dennis v. Warren,* 779 F.2d 245 (5th Cir.1985); *McKenzie v. Lamb,* 738 F.2d 1005, 1007 (9th Cir.1984). The question of whether an individual has been unlawfully detained and arrested centers on whether probable cause to arrest exists. *Floyd v. Farrell,* 765 F.2d 1 (1st Cir.1985); *Mann v. Cannon,* 731 F.2d 54 (1st Cir.1984). If presence of probable cause is merely questionable at the time of a warrantless arrest, a police officer should not be found liable under § 1983. Rather, liability should only result when there clearly was no probable cause at the time of the arrest. *Floyd, supra* at 5.[1]

■ Plaintiff has not demonstrated a clear lack of probable cause at the time of his arrest. As the evidence submitted by plaintiff in support of his claim does not center on the time of his arrest, the Court concludes that, when viewed in the light most favorable to plaintiff, the evidence is not probative of a lack of probable cause to arrest. Additionally, plaintiff has submitted no evidence tending to show that a reasonable man would not arrest the plaintiff under similar circumstances. Further, plaintiff's assertion that he was ultimately vindicated of the arson charges has no bearing on whether probable cause to arrest existed. The validity of an arrest does not turn upon the ultimate finding of guilt or innocence, but on whether probable cause existed at the time of the arrest. *Pierson v. Ray,* 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). In view of the paucity of evidence submitted by plaintiff to support his claims, the Court concludes that plaintiff has not established that probable cause for his arrest was lacking.

■ Finally, plaintiff contends that his arrest and subsequent prosecution violated substantive due process because the police officers' actions in arresting and prosecuting him amounted to conduct which "shocks the conscience." If such conduct has occurred, it is a violation of substantive due process. *Rochin v. California,* 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952).

In *Lewis v. Downs,* 774 F.2d 711 (6th Cir.1985), the Sixth Circuit delineated the factors which must be considered when determining whether conduct "shocks the conscience":

> In determining if a police officer's conduct rises to the level of a constitutional deprivation, factors such as the need for the force, the relationship between the need and the amount applied, the extent of the injury inflicted, and the motivation of the police officer in applying the force must be considered. Finally, the circumstances surrounding the use of force must be carefully considered.

*Id.* at 713 (citations omitted).

A review of the record in this case indicates that plaintiff has not suggested nor demonstrated that any excess force accompanied defendants Butts and Stackpoole's actions. In fact, plaintiff stated at his deposition that he never sought any medical care for any injuries sustained due to his arrest. Additionally, plaintiff testified in deposition that he tried to resist arrest. In light of plaintiff's failure to demonstrate that excess force was used, his lack of injury, and his admitted attempt to resist arrest, the Court finds that plaintiff has not established that defendants' actions in arresting him "shock the conscience." The Court concludes that plaintiff cannot survive summary judgment on his substantive due process claim.

In summary, the plaintiff has failed to demonstrate that any genuine issues of material fact exist in this case. Due to the plaintiff's failure to establish the elements essential to his case, this Court must enter summary judgment for all defendants on defendants on plaintiff's § 1983 claims.

---

1. Police officers have a qualified or good faith immunity to liability under § 1983. This immunity shields police officers from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Davey v. Tomlinson,* 627 F.Supp. 1458 (E.D.Mich.1986).

Finally, the Court is disturbed at the cavalier attitude with which plaintiff's counsel has approached this lawsuit. Plaintiff has consistently filed late responses to motions, including the instant motion. Additionally, plaintiff has been lackadaisical in discovery matters, necessitating the entry of an order compelling discovery by the magistrate. Due to the plaintiff's behavior, the Court has seriously considered imposing sanctions. However, in light of this Court's determination that summary judgment is mandated in favor of the defendants, sanctions will not be imposed at this time.

Accordingly,

IT IS HEREBY ORDERED that defendants' motion for summary judgment is GRANTED.