Joseph PIERZYNOWSKI, Donna Pierzynowski, Daniel Pierzynowski and Joseph Pierzynowski, Jr., Plaintiffs,

v.

POLICE DEPARTMENT CITY OF DETROIT, and Michael A. Cox, jointly and severally, Defendants.

Civil Action No. 95–CV–40205.

United States District Court, E.D. Michigan, Southern Division.

Sept. 23, 1996.

Michelle L. Barrus, Leontyne P. Newland, Detroit City Law Department, Detroit, MI, for Detroit Police Dept.

William S. Pearson, Jennifer M. Granholm, Wayne County Corporation Counsel, Detroit, MI, for Michael A. Cox.

Rudolph A. Wartella, Eastpointe, MI, for Joseph Pierzynowski Jr.

### ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

GADOLA, District Judge.

On April 18, 1995, plaintiffs, Joseph Pierzynowski, Donna Pierzynowski, Daniel Pierzynowski and Joseph Pierzynowski, Jr. filed this 42 U.S.C. § 1983 action[1] in Wayne County Circuit Court alleging injury[2] resulting from Joseph Pierzynowski's arrest and prosecution for Criminal Sexual Conduct in the First Degree. Before this court are three motions: (1) Police Department City of Detroit's September 13, 1995 motion for judgment on the pleadings; (2) Police Department City of Detroit's July 19, 1996 motion for summary judgment, and (3) Michael A. Cox's July 24, 1996 motion for summary judgment. For the following reasons, Police Department City of Detroit's motion for summary judgment will be dismissed as moot, while Police Department City of Detroit's motion for judgment on the pleadings[3] and Michael A. Cox's motion for summary judgment will be granted.

### I. STATEMENT OF FACTS

On July 15, 1993, Joseph Pierzynowski was arrested by officers of the Detroit Police Department pursuant to a felony warrant. Joseph was charged with two counts of Criminal Sexual Conduct in the First Degree.

---

1. It is not entirely clear that the plaintiffs are requesting relief pursuant to 42 U.S.C. § 1983. Yet, this court construes the complaint as such. *See infra* pp. ———— ————.

2. Paragraph 14 of the complaint alleges that plaintiffs "suffered special injury in that each suffered mental anguish, humiliation, embarrassment and personal injury to the extent that medical treatment was required." Paragraph 17 of the Complaint avers that "[a]s a result of Defendants [sic] Malicious Prosecution of Plaintiff, Joseph Pierzynowski, he suffered personal injury, arrest, and substantial interference with his person." Paragraph 25 of the Complaint provides that "[d]efendants [sic] Malicious acts Plaintiff, Joseph Pierzynowski, [sic] he suffered physical injury, humiliation, mental anguish, lost wages."

3. The City of Detroit's motion for judgment on the pleadings will be construed and considered as a motion for summary judgment. *See infra* pp. ———— ————.

The charges arose from statements made by Jessica Kosalsky, and her mother, Denise Kosalsky, to the Detroit Police Department that Joseph sexually molested Jessica in December of 1992, when Jessica was spending the night at Joseph's home.

After a preliminary examination during which Jessica and her mother, Denise, testified, Joseph was bound over on two counts of Criminal Sexual Conduct. Joseph was eventually acquitted following a jury trial.

## II. PROCEDURAL HISTORY

■ As aforementioned, plaintiffs, bring this 42 U.S.C. § 1983 action alleging injury resulting from the arrest and prosecution of Joseph Pierzynowski. This case originated in Wayne County Circuit Court, naming three Detroit Police Officers as well as the Police Department City of Detroit ("City of Detroit")[4] and Prosecutor Michael A. Cox ("Cox") as defendants. Defendant Cox filed a petition for removal on May 18, 1995, joined by the City of Detroit on June 15, 1995, and the case was removed as to these two defendants. After removal, this court dismissed all state claims without prejudice.

On September 13, 1995, the City of Detroit filed a motion for judgment on the pleadings. A hearing on the City of Detroit's motion for judgment on the pleadings was scheduled for December 5, 1995. This hearing was cancelled after the City of Detroit reached an informal agreement with plaintiffs to withdraw its motion for judgment on the pleadings on the condition that the plaintiffs would file an amended complaint with the court.

■ To date, no amended complaint has been filed with this court[5] and consequently, the City of Detroit's motion for judgment on the pleadings has not been withdrawn. Nor has any order been entered with respect to the City of Detroit's motion for judgment on the pleadings.

Oddly enough, plaintiffs faxed an amended complaint to the City of Detroit on November 30, 1995. In response to the faxed receipt of the amended complaint, the City of Detroit filed an answer to the amended complaint on January 2, 1996 and a motion for summary judgment on the amended complaint on July 19, 1996. Apparently, the amended complaint was not faxed to the other defendant in this case, Cox. Therefore, Cox filed a motion for summary judgment on the *original* complaint on July 24, 1996.

Accordingly, three motions are before this court: (1) City of Detroit's motion for judgment on the pleadings on the original complaint; (2) City of Detroit's motion for summary judgment on the amended complaint; and (3) Cox's motion for summary judgment on the original complaint.

## III. CITY OF DETROIT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S FIRST AMENDED COMPLAINT

The City of Detroit's motion for summary judgment on the plaintiffs' amended complaint will be dismissed as moot. This motion pertains to an amended complaint that was never filed with this court. *See Williams v. Ramos*, 71 F.3d 1246, 1251 (7th Cir.1995) (motion to strike reply brief found moot since reply brief, although served on defendants, was not filed with the court); *Brady v. State Farm Ins. Co.*, 771 F.Supp.

---

4. Paragraph 3 of the Complaint provides "That Defendant, CITY OF DETROIT POLICE DEPARTMENT, is a department of the City of Detroit, State of Michigan." This court construes paragraph 3 as naming the City of Detroit, *a municipality* the defendant as opposed to naming the City of Detroit *Police Department* the defendant. The City of Detroit Police Department is not a legal entity against which a suit can be directed. *Haverstick Enterprises v. Financial Fed. Credit*, 803 F.Supp. 1251, 1256 (E.D.Mich. 1992) (citing *Moomey v. City of Holland*, 490 F.Supp. 188 (W.D.Mich.1980). Rather, the City of Detroit Police Department is merely a creature

of the City of Detroit and therefore the City of Detroit is the proper defendant in this case.

5. Not only have plaintiffs neglected to file an amended complaint, but they have stonewalled the discovery process by their refusal to answer interrogatories, produce documents, and complete depositions. The magistrate judge entered three orders (one on March 28, 1996 and two on May 24, 1996) compelling plaintiffs to comply with defendants' various discovery requests. The magistrate also assessed costs and attorney's fees against the plaintiffs for their tactics.

688, 689 (E.D.Pa.1991) (motion to dismiss plaintiff's amended complaint and plaintiff's motion to remand the case to state court dismissed as moot because amended complaint was never filed).

## IV. CITY OF DETROIT'S MOTION FOR JUDGMENT ON THE PLEADINGS & COX'S MOTION FOR SUMMARY JUDGMENT ON THE ORIGINAL COMPLAINT

### A. The Complaint

The complaint is very poorly drafted [6] and cites entirely to state statutes (e.g. Michigan Constitution, State of Michigan Immunity Statutes, and the Michigan Elliott–Larsen Act) save for one citation to the Fourteenth Amendment of the U.S. Constitution in Count II against Cox.[7] Indeed, plaintiffs make no reference to 42 U.S.C. § 1983 in the complaint. Therefore, it is equivocal as to whether plaintiffs bring *any* federal claims against the City of Detroit and as to exactly *what* federal claims plaintiffs bring against Cox.[8]

Federal Rule of Civil Procedure 8(a)(2) requires a pleading setting forth a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

> The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) (citing *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957). *See also Vector Research, Inc. v. Howard & Howard Att'ys P.C.,* 76 F.3d 692, 697 (6th Cir.1996) ("Under the liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (citing *Conley,* 355 U.S. at 41, 78 S.Ct. at 99). Federal Rule of Civil Procedure 9(b) imposes a particularity requirement in two specific instances—when pleading fraud or mistake. Yet, there is no heightened pleading requirement for 42 U.S.C. § 1983 cases generally, or more specifically, in 42 U.S.C. § 1983 cases against municipalities. *See Leatherman,* 507 U.S. at 168, 113 S.Ct. at 1163.

In *Leonard Partnership v. Town of Chenango et. al.,* the court construed plaintiff's complaint as stating a 42 U.S.C. § 1983 claim, notwithstanding the fact that plaintiff did not cite to 42 U.S.C. § 1983 anywhere in his complaint. 779 F.Supp. 223 (N.D.N.Y. 1991). In particular, plaintiff asserted in his complaint merely that he was denied due process in violation of the Fourteenth Amendment when his building permit was

---

6. The complaint contains numerous grammatical errors.

7. In Count I of the complaint, plaintiffs make allegations against both defendants—the City of Detroit and Cox. In so doing, plaintiffs do not state any federal cause of action or cite to any federal authority, such as 42 U.S.C. § 1983. In Count II of the complaint, plaintiffs make allegations *only* against Cox. Unlike Count I, in Count II of the complaint, plaintiffs do cite to federal authority, that being the Fourteenth Amendment of the U.S. Constitution, but do not cite to 42 U.S.C. § 1983. More specifically, Count II, ¶ 23 reads that "said acts and threats by the Defendant Michael Cox, deprived Plaintiff, JOSEPH PIERZYNOWSKI of his Constitutional Rights to be free from violation of the Fourteenth Amendment of the United States Constitution, Michigan Elliott–Larsen Act [sic] and the opportunity to have a fair trial."

8. This court dismissed all plaintiffs' state claims in the complaint on June 23, 1995. The order discharging plaintiffs' state claims summarily states that "portions of the plaintiff's complaint based upon state law claims are DISMISSED without prejudice." Because the complaint is ambiguous as to what federal claims plaintiffs are asserting against the City of Detroit, if any, it is not entirely clear that upon dismissing the state claims, there exist remaining federal claims against the City of Detroit. Moreover, due to plaintiffs' cite to the Fourteenth Amendment in Count II against Cox without any accompanying cite to 42 U.S.C. § 1983, it is only slightly more clear that there exist remaining federal claims against Cox after dismissal of the state claims against Cox.

denied. In construing the complaint as containing a 42 U.S.C. § 1983 claim, the court could

> move on to address the merits without any additional further delay. To allow an amendment of the complaint ... and then require filing and service of the same, would, in the court's view, just further delay the resolution of this already long outstanding motion.

*Id.* at 234. The court went on to find that there was no prejudice to the defendant in finding a 42 U.S.C. § 1983 cause of action since the defendant construed plaintiff's complaint as asserting such a civil rights claim. *Id.*

■ Consistent with the court in *Leonard Partnership*, this court reads the complaint liberally to find a 42 U.S.C. § 1983 cause of action against both the City of Detroit and Cox. Defendants will not suffer any prejudice from such a construction, as both the City of Detroit and Cox have construed the complaint as advancing 42 U.S.C. § 1983 claims and have responded accordingly in their dispositive motions. Fed.R.Civ.P. 8(f) ("All pleadings shall be construed as to do substantial justice."). In particular, this court finds the complaint to allege: a 42 U.S.C. § 1983 claim for false arrest and malicious prosecution against the City of Detroit,[9]

and a 42 U.S.C. § 1983 claim for threatening a witness and malicious prosecution against Cox.[10]

## B. City of Detroit's Motion for Judgment on the Pleadings Should be Considered as a Motion for Summary Judgment

■ As City of Detroit's motion for summary judgment on the amended complaint is moot, this court will consider City of Detroit's motion for judgment on the pleadings on the original complaint as a motion for summary judgment. Federal Rule of Civil Procedure 12(c) provides that if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Scott v. Central States, Southeast & Southwest Areas Pension Plan,* 727 F.Supp 1095, 1095 (E.D.Mich.1989) (converting motion for judgment on the pleadings into a motion for summary judgment).

Discovery in this matter is complete and subsequent to City of Detroit's motion for judgment on the pleadings both defendants have submitted affidavits or other exhibits to this court along with their motions for summary judgment. Plaintiffs had ample opportunity to respond to all materials submitted

9. *See e.g.* plaintiffs' Complaint ¶ 12 ("That the Defendant, CITY OF DETROIT POLICE DEPARTMENT, failed to properly train the individual Detroit Police Officers Defendants [sic] in the proper witness interview, preparation and investigation procedure so as not to deny Plaintiff, JOSEPH PIERZYNOWSKI, his right to be free from discriminatory, unconstitutional and prohibited arrest."); Plaintiffs' Complaint ¶ 13 ("That Defendants prosecuted and continued to prosecute Plaintiff, JOSEPH PIERZYNOWSKI, with malice, and without probable cause, in that he was a Native American.").

10. *See e.g.,* Complaint ¶ 9 ("That Defendant Police Officers and Defendant, Michael A. Cox knew Plaintiff, JOSEPH PIERZYNOWSKI, was a Native American, and that his arrest and prosecution was based upon his National Origin and not probable cause that a crime was committed."); Complaint ¶ 13 ("That Defendants prosecuted and continued to prosecute Plaintiff, JOSEPH PIERZYNOWSKI, with malice, and without probable cause in that he was a Native American."); Complaint ¶ 16 ("The primary

purpose of the prosecution of Plaintiff, JOSEPH PIERZYNOWSKI on charges of Criminal Sexual Conduct in the First Degree was not for the purpose of bring him [sic] to justice, but to prosecute him because he was a Native American."); Complaint ¶ 19 ("Defendant, Michael A. Cox, while acting outside his capacity as prosecutor for the County of Wayne, State of Michigan, did threaten a witness, one Denise Kosalsky to the effect that she must cooperate with the Prosecutors office or he would have her child removed by Macomb County Department of Social Services."); Complaint ¶ 23 ("That said acts and threats by Defendant Michael Cox, deprived Plaintiff, JOSEPH PIERZYNOWSKI of his Constitutional Rights to be free from violation of the Fourteenth Amendment of the United States Constitution, Michigan Elliot–Larsen Act [sic] and the opportunity to have a fair trial."); ¶ 24 ("The primary purpose of the prosecution of Plaintiff, JOSEPH PIERZYNOWSKI on charges of Criminal Sexual Conduct in the First Degree was not for the purpose of bring [sic] him to justice, but to prosecute him because he was a Native American.").

to this court and have neglected to respond.[11] Thus, it is proper and fair to consider City of Detroit's motion for judgment on the pleadings as a motion for summary judgment.

### C. The City of Detroit's & Cox's Arguments

In its motion for judgment on the pleadings (which this court construes and considers as a motion for summary judgment), the City of Detroit maintains that plaintiffs' claims should be dismissed because plaintiffs have not stated any claim upon which relief can be granted. The City of Detroit argues that plaintiffs have not pled the elements necessary to finding the City of Detroit, a municipality, liable under 42 U.S.C. § 1983. Mainly, the City of Detroit contends that the plaintiffs did not allege that the Detroit Police Department had a policy or custom that mandated a violation of Joseph Pierzynowski's constitutional rights, and thus they have failed to state a claim upon which relief can be granted.

Defendant Cox filed a motion for summary judgment on July 24, 1996, likewise petitioning this court to dismiss plaintiffs' claims. Cox contested the standing of Donna Pierzynowski, Daniel Pierzynowski and Joseph Pierzynowski, Jr. Also, Cox argued that Plaintiff, Joseph Pierzynowski's Fourth and Fourteenth Amendment constitutional rights were not violated since the prosecution was based upon probable cause. Cox argued that he did not improperly threaten a witness. Furthermore, Cox asserted that plaintiffs' claims were barred because he enjoys absolute or at the very least, qualified immunity in such matters. Lastly, Cox contended that plaintiffs' claims should be dismissed as a sanction for plaintiffs' failure to answer interrogatories despite two court orders. In support of his motion for summary judgment, defendant submitted many exhibits including, various investigator and police reports, a transcript of the preliminary examination binding Joseph Pierzynowski over for trial, a copy of the jury verdict form acquitting Jo-

seph Pierzynowski, an affidavit of Michael A. Cox and relevant portions of Joseph and Donna Pierzynowski's depositions.

### D. Plaintiffs Donna Pierzynowski, Daniel Pierzynowski, & Joseph Pierzynowski Jr. Do Not Have Standing

■ Plaintiffs Donna Pierzynowski, Daniel Pierzynowski and Joseph Pierzynowski, Jr. allege that they suffered injury as a result of Joseph Pierzynowski's arrest and prosecution. These three Plaintiffs claim that they are entitled to relief because, as family members to Joseph, they incurred injuries. Yet, these three Plaintiffs do not aver that any of their own constitutional rights have been violated. Rather, they claim injury vicariously through the alleged constitutional violations visited upon Joseph.

■ Claims brought pursuant to 42 U.S.C. § 1983 are "personal action[s] cognizable only by the party whose civil rights are violated." *Jaco v. Bloechle*, 739 F.2d 239, 242 (6th Cir.1984). If the constitutional rights of one family member are violated, this does not confer standing on other family members to assert a § 1983 claim. Allowing persons other than those whose rights have been violated to sue would open the floodgates of 42 U.S.C. § 1983 litigation to an unmanageable point. *Broadnax v. Webb*, 892 F.Supp. 188 (E.D.Mich.1995) ("no valid reason to open another dam ... express language of section 1983 seems to limit claims to those who actually suffered the constitutional deprivation.").

Once again, Donna, Daniel and Joseph, Jr. do not allege that their *own* constitutional rights have been violated. Rather, they assert that they suffered injury as a result of an alleged violation of Joseph Pierzynowski's constitutional rights. The complaint states that Donna, Daniel and Joseph, Jr. suffered "special injury, in that each suffered mental anguish, humiliation, embarrassment and personal injury to the extent that medical treatment was required" as a result of Jo-

11. Plaintiffs have not responded to City of Detroit's motions for judgment on the pleadings and summary judgment nor Cox's motion for summary judgment. Nor did plaintiffs appear for oral argument on September 18, 1996 con-

cerning these motions. Counsel for Cox brought it to this court's attention at the hearing on September 18, 1996, that plaintiffs have not appeared at *any* hearings regarding discovery motions before the magistrate.

seph's arrest and prosecution. Also, defendants offered portions of Donna's deposition transcript, wherein she stated that her injury "relates to" the prosecution of her husband. Therefore, the only proper plaintiff in this 42 U.S.C. § 1983 case is Joseph Pierzynowski. Accordingly, the claims of Donna, Daniel and Joseph Jr. will be dismissed.[12]

### E. Standard of Review

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). There is no genuine issue of material fact when the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *In re Dollar Corp.*, 25 F.3d 1320, 1323 (6th Cir.1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986)). "The mere existence of some alleged factual dispute between the parties will not defeat the otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247–48, 106 S.Ct. at 2510. In deciding a motion for summary judgment, the court must consider all evidence together with all inferences to be drawn therefrom "in light most favorable to the party opposing the motion." *Watkins v. Northwestern Ohio Tractor Pullers Ass'n, Inc.*, 630 F.2d 1155, 1158 (6th Cir.1980).

If the movant meets the standard specified at Rule 56(c), then the opposing party must come forth with "specific facts showing that there is a genuine issue for trial." *First National Bank v. Cities Serv. Co.*, 391 U.S. 253, 270, 88 S.Ct. 1575, 1583, 20 L.Ed.2d 569 (1968); Fed.R.Civ.P. 56(e). The non-moving party "is not entitled to a trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Kraft v. United States*, 991 F.2d 292, 296 (6th Cir.1993), *cert. denied*, 510 U.S. 976, 114 S.Ct. 467, 126 L.Ed.2d 419 (1993); *Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986). And, "if the adverse party does not respond, summary judgment, if appropriate shall be entered against the adverse party." Fed.R.Civ.P. 56(e); *Rizzo v. Goode*, 423 U.S. 362, 370–71, 96 S.Ct. 598, 603–04, 46 L.Ed.2d 561 (1976); *O'Hara v. Wigginton*, 24 F.3d 823, 826–27 (6th Cir. 1994).

### F. Plaintiff Has Not Suffered Any Deprivation of a Constitutional Right as Required by 42 U.S.C. § 1983

Title 42, section 1983 of the United States Code provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

By the plain terms of 42 U.S.C. § 1983, proof of two elements is required in order to state a cause of action under that statute. First, the plaintiff must establish that some person has deprived him or her of a federal right. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254–55, 101 L.Ed.2d 40 (1988). Second, plaintiff must demonstrate that the person who deprived him or her of that right acted under color of state or territorial law. *Id.* See also *Enertech Electrical, Inc. v.*

---

**12.** Nonetheless, even if Donna Pierzynowski, Daniel Pierzynowski, and Joseph Pierzynowski, Jr. had standing to bring § 1983 claims, their causes of action must be dismissed for the reasons that Joseph Pierzynowski's claims must be dismissed, as espoused further in this opinion. The ensuing discussion referring only to plaintiff Joseph Pierzynowski's claims is applicable also to Donna and Daniel Pierzynowski and Joseph Pierzynowski, Jr.'s claims.

*Mahoning County Comm's.,* 85 F.3d 257, 259–260 (6th Cir.1996); *United of Omaha Life Ins. Co. v. Solomon,* 960 F.2d 31, 33 (6th Cir.1992).

Joseph Pierzynowski has not met the first requirement under 42 U.S.C. § 1983. Ergo, summary judgment must be entered in favor of both the City of Detroit and Cox, and all Joseph's claims must be dismissed.

### 1. Arrest Without Probable Cause

 Plaintiff avers in his complaint that Joseph was falsely arrested in that he was arrested without probable cause. A person falsely arrested has a cognizable 42 U.S.C. § 1983 claim. *See LaBate v. Butts,* 673 F.Supp. 887, 891–892 (E.D.Mich.1987) (citations omitted). Yet, in this case, defendants have shown that Joseph's arrest *was* based upon probable cause and hence Joseph's Fourth and Fourteenth Amendment rights were not violated.

 "The elements of a state law tort of false arrest must be established to prove a constitutional violation [of the same] under 42 U.S.C. § 1983." *Oja v. Township of Plymouth,* 1996 WL 426481 (E.D.Mich.1996) (citing *Greenan v. Village of Romeo Police Department,* 819 F.Supp. 658 (E.D.Mich. 1993). To do so, "[a] plaintiff must show that the arrest was not legal, i.e. that it was not based on probable cause, to prevail on a claim for false arrest." *Id.* Probable cause is a "probability or substantial chance of criminal activity" determined upon a review of the totality of the circumstances. *Id.* (citing *Illinois v. Gates,* 462 U.S. 213, 242 n. 13, 103 S.Ct. 2317, 2334 n. 13, 76 L.Ed.2d 527 (1983)). "Probable cause to make an arrest exists if the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a prudent man in believing that the arrestee had committed or was committing an offense." *Pyles v. Raisor,* 60 F.3d 1211, 1216 (6th Cir.1995) (quoting *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 225–26, 13 L.Ed.2d 142 (1964)). "A valid arrest based upon then existing probable cause is not vitiated if the suspect is later found innocent." *Criss v. City of Kent,* 867 F.2d 259, 262 (6th Cir.1988).

This court finds no triable issue concerning false arrest in the instant case. An arrest warrant was issued by a neutral state magistrate upon reviewing witness statements of the complainant, Jessica, and her mother, Denise, supporting the charges. Based upon a totality of the circumstances, there was sufficient evidence within the magistrate's and officers' knowledge to warrant a reasonable belief that Joseph had committed Criminal Sexual Conduct. The fact that Joseph Pierzynowski was later acquitted of the charges does not vitiate the magistrate's finding of probable cause for the arrest. *Criss,* 867 F.2d at 262. Because the defendants have come forth with evidence establishing that Joseph's arrest was based upon probable cause, Joseph cannot rely upon his naked allegations delineated in his complaint to support his claim of false arrest. City of Detroit and Cox are entitled to judgment as a matter of law on this issue. *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2727 (1983) ("mere allegations in the pleadings are insufficient to show that there is a triable issue if the moving party has made the showing required by Rule 56(c)").

### 2. Malicious Prosecution

 Joseph claims that he was maliciously prosecuted in violation of his constitutional rights. Defendants Cox and the City of Detroit have demonstrated to this court that Pierzynowski was not improperly prosecuted. Hence, summary judgment must be entered in favor of both defendants on this issue.

 A plaintiff can recover for malicious prosecution under 42 U.S.C. § 1983 if the elements of a Michigan state law malicious prosecution claim are proven. *Moore v. Hayes,* 83 F.3d 422 (6th Cir.1996). Under Michigan law, the elements for malicious prosecution include: "(1) a criminal prosecution instituted against plaintiff by defendant, terminating in plaintiff's favor, (2) absence of probable cause for the criminal proceeding, and (3) malice or a primary purpose in bringing the action other than bringing the offender to justice." *Id.* (citing *Coogan v. City of Wixom,* 820 F.2d 170, 172 (6th Cir.1987)). Moreover, to the extent a malicious prosecu-

tion claim is actionable under § 1983, the Supreme Court has held that the plaintiffs must prove that the state actors commenced or continued to prosecute without probable cause to believe the crime was committed and that the defendant committed the crime. *Albright v. Oliver,* 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994).

The prosecutors had probable cause to believe that a sexual assault on Jessica occurred and Joseph committed this assault. A preliminary examination was held where the complaining witness, Jessica, and her mother, Denise, testified to the incident. In fact, at the preliminary examination Joseph's trial attorney acknowledged outright on the record that there was probable cause to support one of the Criminal Sexual Conduct charges. Joseph has not introduced a scintilla of evidence aside from his bold conclusory allegations in the complaint that he was, at any time, prosecuted without probable cause.

The complaint further alleges that Joseph was improperly prosecuted because he was a Native American. While prosecution based solely on race is a violation of the U.S. Constitution,[13] this court finds that Joseph was not prosecuted based solely on his race. Defendant Cox produced a self-affidavit swearing that he did not know prior to trial that Joseph Pierzynowski was a Native American, and did not prosecute Pierzynowski on this ground. Also, Defendant Cox presented this court with Joseph's deposition testimony that his Native American ancestry was never raised prior to trial until his lawyer "brought it out" and that the derivation of "Pierzynowksi" is Polish. At the deposition of Joseph's wife, Donna, she had "no reason to believe or any evidence from which [she] concluded that [her] husband's arrest and prosecution was based on the fact that he's a Native American other than what [Joseph] testified to [at his deposition.]" Plaintiff has not come forward with any evidence negating probable cause as required for summary judgment in a malicious prosecution case under 42 U.S.C. § 1983. For the foregoing reasons, both defendants are entitled to judgment as a matter of law with respect to these issues.

### 3. Improper Threat

Defendant Cox has also shown that Joseph does not state a claim upon which relief can be granted in his allegation that Cox improperly threatened a witness. The complaint avers that Cox threatened Jessica's mother, Denise, during an interview, that if she did not cooperate with him, he would remove Jessica from Denise's home.

Defendant Cox maintains that he did not threaten Denise. Cox presented this court with a self-affidavit and Joseph and Donna's deposition testimony in support of his argument. In Cox's self-affidavit, he denies threatening Denise and provides justification for his remarks during the interview with Donna. Cox explains that originally, Denise testified to Jessica's informing her of an alleged sexual incident between Joseph and Jessica. Yet, after the criminal complaint was initiated, Denise changed her story and took Jessica back to Joseph's home. In his affidavit, Cox attests to his belief that Denise was being pressured by family members and relates what he told Denise: "if she did not cooperate with the interview and prosecution, [he] would contact Macomb County Department of Social Services to investigate her household." Joseph and Denise concur with Cox's version of the incident, and at their deposition, testified that Cox made a statement of that nature to Denise, which was never communicated to anyone else.

This court finds that Cox's statement did not amount to a threat. And, even assuming arguendo, that the statement did constitute a threat, Joseph has not shown through pleadings, depositions, answers to interrogatories, admissions on file, affidavits or otherwise that a genuine issue of material fact exists that such threat violated his constitutional rights. Hence, summary judgment should be entered for Defendant Cox on this issue.

In sum, the complaint contains bare affirmations that Joseph was falsely arrested, maliciously prosecuted and that a witness was improperly threatened. Joseph has not presented this court with sufficient facts, or *any* facts for that matter, supplementing the complaint's conclusory allegations that Jo-

---

**13.** *See Ayala–Martinez v. Anglero,* 982 F.2d 26 (1st Cir.1992).

seph suffered a violation of his constitutional rights. As an essential element of a 42 U.S.C. § 1983 claim is that the plaintiff must suffer a deprivation of a constitutional right, summary judgment must be granted as a matter of law in favor of both defendants as to all claims against the City of Detroit and Cox.

### G. City of Detroit Is Shielded from § 1983 Liability as a Municipality Because the City of Detroit Did Not Act Pursuant to an Official Policy

▮ Even if Joseph had presented this court with specific facts showing a genuine issue as to whether his constitutional rights were violated, the City of Detroit's motion for judgment on the pleadings [14] must be granted on other grounds. The record is devoid of any evidence showing that Joseph's alleged constitutional deprivation resulted from the execution of an official policy or custom of the City of Detroit. Thus, Joseph has failed to state a claim upon which relief can be granted against the City of Detroit.

▮ Plaintiff's claim under 42 U.S.C. § 1983 against the City of Detroit, a municipality, are governed by the Supreme Court's ruling in Monell v. Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In that case, the Supreme Court concluded that Congress had not intended to expose municipalities to respondeat superior liability. Thus, under Monell, a municipality cannot be held vicariously liable for the tortious acts of its employees. Rather, only when the municipality itself commits the misdeed can it be held liable. In other words, a municipality can be held responsible under 42 U.S.C. § 1983 only when execution of a government policy or custom inflicts the alleged injury. Monell, 436 U.S. at 694, 98 S.Ct. at 2037–38.

In the complaint, Joseph asserts that the City of Detroit "failed to properly train the individual Detroit Police Officers [sic] Defendants in the proper witness interview, preparation and investigation procedure so as not to deny Plaintiff, Joseph Pierzynowski, his right to free from discriminatory, unconstitutional and prohibited arrest." [15] Such government policy or custom giving rise to municipal liability under § 1983 can take the form of inadequate training or supervision. See Oklahoma City v. Tuttle, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

▮ The seminal case involving a municipality's failure to train is City of Canton, 489 U.S. 378, 109 S.Ct. 1197. In that case, Harris sued Canton alleging that the city failed to adequately train its police officers as to when to summon medical care for injured detainees. The Supreme Court held that a claim of inadequate training will trigger municipal liability only where "the failure to train amounts to deliberate indifference to the rights" of those with whom the municipal employees came into contact. Id. at 388, 109 S.Ct. at 1204–05 (emphasis added). In other words, plaintiffs must show that the City made a "deliberate choice" not to train employees fully from among various alternatives. Id. at 389, 109 S.Ct. at 1205. Also, plaintiff must demonstrate that deliberate indifference caused a violation of plaintiff's federally-protected rights. Certainly, Canton imposed two serious obstacles to plaintiff's success in a § 1983 case for failure to train or supervise. One, plaintiff must show "deliberate indifference" and two, plaintiff must show that deliberate indifference caused a violation of plaintiff's constitutional rights.

▮ While Joseph Pierzynowski alleges that the City of Detroit inadequately trained its officers, he has failed to adduce, nor does the record reveal any specific facts showing the City of Detroit's deliberate indifference

---

14. This court considers the City of Detroit's motion for judgment on the pleadings as a motion for summary judgment.

15. The plaintiffs only state in their complaint that City of Detroit properly failed to train its officers in proper prosecution. So, insofar as the plaintiffs fail to allege that the City of Detroit had

a policy or custom of failing to train in prosecution, the § 1983 claim against the City of Detroit for malicious prosecution must be dismissed for failing to state a claim upon which relief can be granted. The remaining discussion deals only with plaintiffs allegation that the City of Detroit falsely arrested Joseph.

toward training officers. Nor has plaintiff put forth any specific facts demonstrating that this allegedly inadequate training was the cause of Joseph Pierzynowski's alleged constitutional violations. Therefore, summary judgment is appropriate for the City of Detroit. *See Bills v. Aseltine,* 958 F.2d 697 (6th Cir.1992) (summary judgment appropriate where no proof in record that municipal defendants were deliberately indifferent to the alleged state of inadequate training); *Matthews v. Jones,* 35 F.3d 1046 (6th Cir. 1994) (record contained no evidence of inadequate training or that inadequate training caused Plaintiff's injuries).

 Even if plaintiff had come forth with specific facts demonstrating the City of Detroit's "deliberate indifference," *Oklahoma v. Tuttle* provides a separate grounds supporting this court's grant of summary judgment for the City of Detroit. 471 U.S. 808, 821–824, 105 S.Ct. 2427, 2435–37, 85 L.Ed.2d 791 (1985). In *Oklahoma,* the Supreme Court expressed that failure to properly train may not be inferred from evidence of one instance of police behavior. Since the plaintiff, in the case at hand, points only to one instance of police behavior, that being Joseph Pierzynowski's arrest and prosecution, this court cannot infer that the City of Detroit failed to properly train its officers. As no genuine issue of material fact exists with respect to this issue, summary judgment in favor of the City of Detroit is appropriate.

### H. Cox Is Entitled to Absolute Immunity

 Joseph alleges that the Prosecutor Cox violated Joseph's constitutional rights by prosecuting without probable cause, prosecuting Joseph solely because he was a Native American, and threatening a witness. As previously discussed, this court finds that Joseph was properly prosecuted and Cox made no improper threat. Yet, even if Joseph's constitutional rights were infringed due to these actions, absolute immunity bars Joseph's claims against Cox.

 In *Imbler v. Pachtman,* the Supreme Court ruled that state prosecutors are entitled to absolute immunity from civil suits under 42 U.S.C. § 1983 for actions taken in "initiating a prosecution and presenting the State's case." 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976). Two compelling reasons justify absolute immunity for prosecutors: (1) the threat of § 1983 suits would undermine performance of the prosecutor's duties and (2) immunity is necessary to ensure the effectiveness of the judicial proceedings. *Ireland v. Tunis,* 907 F.Supp. 1088, 1095 (E.D.Mich.1995) citing *Imbler,* 424 U.S. 409, 96 S.Ct. 984.

The parameters of absolute immunity have been defined by the Supreme Court subsequent to its ruling in *Imbler.* (See *Ireland,* 907 F.Supp. at 1094–1098 (discussing the evolution of absolute immunity in 42 U.S.C. § 1983 cases)). In *Malley v. Briggs,* the Supreme Court ruled that a prosecutor enjoys absolute immunity when seeking an indictment, but not an arrest warrant. 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). In *Burns v. Reed,* the Court declined to grant immunity to the prosecutor's act of providing legal advice to the police because it was an "investigatory" as opposed to "prosecutorial" function.[16] 500 U.S. 478, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). Yet, in that case, the Court did bestow absolute immunity to the prosecutor's actions in a hearing securing a search warrant. The Court seems to have adopted a pragmatic approach, granting immunity to those functions that are "prosecutorial" as opposed to "investigative." M.A. Schwartz & J.E. Kirklin, 1 *Section 1983 Litigation, Claims Defenses, and Fees* § 9.8 (2d ed. 1991 & Supp.1996) (listing functions for which prosecutor is absolutely immune since the function is "integral to the judicial process" and including in that list, factual investigations to prepare a case and presenting a case to a jury). The Court is guided and draws from the doctrine of prosecutorial immunity in common law malicious prosecution cases.

Cox is absolutely immune from all Joseph's claims. Cox's activities of prosecuting Joseph Pierzynowski and interviewing Denise to prepare his case were prosecutorial "quasi-judicial" functions protected by *Imbler.*

**16.** The Defendant was entitled to qualified immunity for investigatory functions.

Indeed, Cox was "initiating a prosecution" when engaged in these activities, and thus should be insulated from 42 U.S.C. § 1983 liability. Moreover, affording Cox absolute immunity in this case is consistent with the policy considerations underlying the defense. If Cox were not granted immunity the judicial process would be stifled. The decision whether to proceed with a case and the interviewing of witnesses are acts necessary to the effective functioning of our prosecutorial system.

## V. Plaintiff's Resistance to Defendant's Discovery Requests and Plaintiffs Non–Compliance with Court Orders Compelling Discovery

█ Plaintiffs did not file an amended complaint with this court and did not file a response to any of the three dispositive motions. Also, plaintiffs have flagrantly inhibited defendants attempts at discovery by failing to comply with two discovery orders. On March 28, 1996 and May 24, 1996,[17] plaintiffs were given an order by Magistrate Judge Paul J. Komives to answer interrogatories and produce documents, which they ignored. Moreover, plaintiffs have disregarded two court orders to pay Cox's costs for Cox's motions to compel discovery.[18] In dismissing this case on the merits, this court takes note of plaintiffs' impervious attitude and this court's ability to dismiss this case as a sanction pursuant to Federal Rule of Civil Procedure 37(b). *See LaBate v. Butts*, 673 F.Supp. 887 (E.D.Mich.1987) (court is disturbed by the cavalier attitude with which plaintiff's counsel has approached the lawsuit including filing of late responses to motions and not responding to defendants discovery requests).

### ORDER

**IT IS HEREBY ORDERED** that the City of Detroit's motion for summary judgment on the so-called amended complaint (never filed) is **DISMISSED** as moot.

---

**17.** This court affirmed the May 24, 1996 order on May 31, 1996.

**IT IS FURTHER ORDERED** that the City of Detroit's motion for summary judgment is **GRANTED** and plaintiffs' complaint is **HEREBY DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Michael A. Cox's motion for summary judgment is **GRANTED** and plaintiffs' complaint is **HEREBY DISMISSED** with prejudice.

**SO ORDERED.**

---

**18.** Magistrate Judge Komives, on May 24, 1996, also ordered Joseph Pierzynowski to complete a deposition. Joseph apparently completed the deposition on June 5, 1996.